DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Patrick Wooden appeals from his conviction and sentence in the Summit County Court of Common Pleas. We affirm.
 I.
At about 12:30 a.m. on October 23, 1996, Everetta Bethune and a friend attempted to enter the Tropicana Lounge on Howard Street in Akron, Ohio. The bouncer refused to let Bethune enter because she did not have identification to show her age. After leaving, she attempted to re-enter three times to use the telephone, but was ejected each time by the bouncer. Bethune then called Wooden to come and help her.
About twenty minutes later, Wooden arrived with Bethune and at least two other people. Wooden asked Bethune who had hit her. Bethune pointed to another employee of the Tropicana Lounge who was standing by the door, and Wooden punched him. The bouncer then grabbed Wooden by the arms and began backing Wooden and the others out the door. The owner of the Tropicana Lounge, James Witbeck, came up behind the bouncer and pushed the entire group, including the bouncer, out the door. The bouncer immediately re-entered the door and attempted to hold the door shut until Witbeck could lock it.
After being ejected, Wooden said to another man in the group, "Man, give me my s * * *." The man handed Wooden a gun.[1] The small glass window on the door was broken, and three or four shots were fired into the Tropicana Lounge. Witbeck grabbed a handgun kept behind the bar and ran to the door. After the bouncer let go of the door, Witbeck allowed those outside to pull the door open. Once the door was open, Witbeck fired his gun three times at Wooden, who was still holding the gun. Witbeck then shut and locked the door. Wooden was shot in the jaw, and his group carried him away and drove him to the hospital.
The Summit County Grand Jury indicted Wooden on four counts: attempted murder, in violation of R.C. 2903.02 and 2923.02; felonious assault, in violation of R.C. 2903.11(A)(2); having a weapon while under a disability, in violation of R.C.2923.13(A)(2); and improperly discharging a firearm at or into a habitation or school, in violation of R.C. 2923.161. Each count also carried a firearm specification. Prior to trial, the improperly discharging a firearm into a habitation charge was dismissed.
A jury trial commenced in the Summit County Court of Common Pleas on February 24, 1997. At trial, various witnesses and investigating police officers testified for the prosecution, including Witbeck, the bouncer, and the employee whom Wooden punched. The defense's witnesses were Bethune and two other people who were in the group with Wooden and Bethune. The defense witnesses all testified that Wooden did not have a gun, nor did he fire one into the Tropicana Lounge. After a three day trial, the jury returned its verdicts on February 27, 1997. Wooden was found not guilty of attempted murder but guilty of felonious assault and having a firearm under a disability.
The trial court sentenced Wooden on March 6, 1997. The court imposed the maximum sentences for both the felonious assault charge, a second degree felony, and the having a weapon under a disability charge, a fifth degree felony. The sentences for the two counts and the sentences for the accompanying firearm specifications were imposed consecutively, for a total sentence of twelve years. This appeal followed.
 II.
Wooden asserts six assignments of error. We review each in turn, rearranging them for an orderly analytical progression.
 A. Sufficiency of the Evidence
Wooden's first and fifth assignments of error argue that there was insufficient evidence to support a conviction for both the felonious assault charge and the having a weapon under a disability charge. "The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id.
at 4. We now turn to examining the evidence on the felonious assault and having a weapon under a disability charges, respectively.
 First Assignment of Error The judgment of conviction of felonious assault is contraryto law and to the Due Process Clause of theFourteenth Amendment to the Constitution of the United States in thatthere was insufficient evidence adduced to establish each andevery element of such offense beyond a reasonable doubt.
R.C. 2903.11(A)(2) states: "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance * * *." A "deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon," R.C.2923.11(A), including a firearm, R.C. 2923.11(B)(1).
Wooden argues that there was insufficient evidence that he attempted to cause physical harm to another, namely Witbeck. He argues that merely pointing a deadly weapon at another person, by itself, is not enough to commit felonious assault. Wooden citesState v. Brooks (1989), 44 Ohio St.3d 185, syllabus, as supporting his position. Wooden also argues that there was no evidence that he ever fired a gun at Witbeck.
R.C. 2923.02 deals with attempt. The statute states that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense." R.C. 2923.02(A). The Ohio Supreme Court has interpreted "criminal attempt" to mean "when one purposely does * * * anything which is an act * * * constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose." State v. Woods (1976), 48 Ohio St.2d 127, paragraph one of the syllabus, vacated as to death penalty (1977), 438 U.S. 910,57 L.Ed.2d 1153, overruled on other grounds by State v. Downs
(1977), 51 Ohio St.2d 47.
Viewing the evidence produced at trial in a light most favorable to the State, we conclude that sufficient evidence exists to support the felonious assault conviction. None of the State's witnesses testified to having seen Wooden pull the trigger and actually fire the shots. However, the bouncer testified that he saw one of Wooden's companions hand Wooden a gun, and that the gun was fired through the window in the door. Witbeck testified that he saw Wooden holding a gun after the shots were fired, before he shot Wooden. Another employee of the Tropicana Lounge, who was outside at the time of the shooting, testified that he saw another man hand a gun to Wooden, that Wooden broke the window in the door with the gun, that he heard shots, that he saw Wooden get shot, and that when Wooden was shot Wooden was still holding the gun. This witness also testified that when the shots were fired he saw no one else with a gun outside the door of the Tropicana Lounge. There was testimony that Wooden pointed the gun at Witbeck through the window in the door. Furthermore, gunshot residue was found on Wooden's hands.
Circumstantial evidence from which a jury could infer culpability possesses the same probative value as direct evidence.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus. As demonstrated above, there was strong circumstantial evidence that Wooden fired the gun he was seen holding both before and after the shots were fired into the Tropicana Lounge. Based on the evidence, a reasonable factfinder could find that Wooden did point the gun at Witbeck and that Wooden fired the gun that he was holding at Witbeck. This evidence constitutes a "substantial step" for purposes of determining "criminal attempt." See Brooks,44 Ohio St.3d at 192 (felonious assault conviction proper if defendant points revolver at another person and either fires or attempts to discharge the gun in the direction of that person). There is sufficient evidence to convict Wooden of attempting to cause physical harm to Witbeck by means of a deadly weapon. Wooden's first assignment of error is overruled.
 Fifth Assignment of Error The conviction for having a weapon under a disability is notsupported by sufficient evidence and so violated theFourteenth Amendment to the United States Constitution.
Under R.C. 2923.13(A), "no person shall knowingly acquire, have, carry, or use any firearm" if certain conditions that constitute a "disability" apply. One of these conditions is that "[t]he person is under indictment for * * * any felony offense of violence[.]" R.C. 2923.13(A)(2). Rape is a "felony offense of violence." See R.C. 2901.01(A)(9)(a) and2907.02.
Viewing the evidence in a light most favorable to the prosecution, we conclude that sufficient evidence exists to support the conviction for having a weapon under a disability. The State introduced evidence that Wooden had been indicted for rape. As noted above, there is also evidence that Wooden had and used a gun that night. Wooden's fifth assignment of error is overruled.
 B. Manifest Weight of the Evidence Second Assignment of Error The judgment of conviction of felonious assault and weaponunder disability are against the manifest weight of theevidence and contrary to law.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Accord Leggett, supra, at 10-11.
We cannot say that the jury lost its way in convicting Wooden on both counts. The three witnesses who testified for Wooden all agreed that Wooden never had a gun. However, the credibility of all three was clearly impeached; at times, the testifying defense witness undermined the credibility of the other two. The evidence does not weigh heavily against the convictions. Wooden's second assignment of error is overruled.
 C. Defendant's Knowledge of Disability Fourth Assignment of Error The trial court erred to the prejudice of appellant by notrequiring the State to prove, as an element of the having aweapon under disability charge, that appellant must haveactual knowledge of the disability, in violation ofappellant's rights under the Fourteenth Amendment to theUnited States Constitution and Article I, Section 10 if [sic]the Ohio Constitution.
At trial, John Rood, a deputy of the Summit County Sheriff's Office, testified that he served an indictment for rape on Patrick Wooden and that the receipt of the indictment was acknowledged by signature. Wooden asserts that the State failed to prove that Wooden had knowledge of the disability because "[a]t no time did the deputy testify that he told Appellant that carrying a weapon while under that indictment would constitute a new crime" and "Deputy Rood did not testify that the Patrick Wooden in the indictment was the same Patrick Wooden in the courtroom."
This court has already held that a defendant need only possess a weapon while the disability existed; the prosecution is not required to prove that the defendant had knowledge of the disability. State v. Quiles (Feb. 3, 1993), Lorain App. No. 92CA005316, unreported, at 3. In the case at bar, the State met its burden and proved that Wooden possessed a firearm while under indictment for rape, a felony offense of violence. Wooden's fourth assignment of error is overruled.
 D. Crim.R. 29 Motion for Acquittal Third Assignment of Error The trial court erred in denying appellant's motion foracquittal on all counts.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
The trial court properly overruled Wooden's motion for acquittal. As has been demonstrated in our analysis above, viewing the evidence in a light most favorable to the prosecution, reasonable minds could reach different conclusions as to whether each element of both the felonious assault count and the having a weapon under a disability count was proved beyond a reasonable doubt.[2] Wooden's third assignment of error is overruled.
 E. Sentencing to Maximum Terms Sixth Assignment of Error It was abuse of discretion for the trial court to sentence appellant to maximum terms in [sic] both counts.
At Wooden's sentencing hearing, the trial court imposed the maximum sentence on both the felonious assault charge (eight years) and the having a weapon under a disability charge (one year). See R.C. 2929.14(A)(2) and (5). The trial court stated on the record that it did so because it believed that Wooden committed the "worst form" of the offenses and because Wooden posed a great likelihood of committing future crimes. Wooden contends that this was an abuse of discretion by the trial court.
Wooden was sentenced under Senate Bill 2. Under R.C.2929.14(C), a sentencing court may impose the maximum sentence for a felony if it finds one of four conditions. Two of these conditions are that the defendant (1) committed the worst form of the offense or (2) poses the greatest likelihood of committing future crimes. The court must make findings to that effect. See R.C. 2929.19(B)(2)(e). Written findings are not required; the trial court has complied with the statute if the findings are in the record.
A trial court's imposition of sentence on a criminal defendant will not be disturbed on appeal absent an abuse of discretion. State v. Rankin (1992), 82 Ohio App.3d 276, 280-81. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Tulloh v. GoodyearAtomic Corp. (1994), 93 Ohio App.3d 740, 752. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v.Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552. Instead, a reviewing court should be guided by a presumption that the trial court was correct. State v. Coppock (1995), 103 Ohio App.3d 405,411.
We find that the trial court did not abuse its discretion by imposing the maximum sentences on Wooden. Before finding that an offense committed by a criminal defendant was "the worst form of the offense," a court may consider the totality of the circumstances, not just an evaluation of a victim's injuries.State v. Garrard (Dec. 24, 1997), Wayne App. No. 97CA0032, unreported, at 7. At Wooden's sentencing hearing, the trial court specifically found on the record that the felonious assault was, in the court's mind, the worst form of the offense. The court told Wooden that "but for the fact that you were either a lousy shooter or the grace of God that you're not here in front of us on a murder charge or aggravated murder charge looking at life in prison." The trial court's finding on this matter was not error.
The trial court likewise found on the record that Wooden posed "a great likelihood to offend again." The court stated: "I think based upon your prior criminal history and this being your fourth felony conviction, at least your fourth felony conviction, the other ones having to do with weapon violations, it certainly shows a great likelihood of recidivism and I think you qualify under that." We discern no error in the trial court's finding. The trial court did not abuse its discretion by imposing the maximum sentences on Wooden. Wooden's sixth assignment of error is overruled.
 III.
All of Wooden's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, J., P. J.
DICKINSON, J.
CONCUR
[1] The testimony at trial differed as to whether the gun was a .38 caliber handgun or a Tec-9 semiautomatic handgun.
[2] To the extent that Wooden argues that the trial court should have granted his motion for acquittal on the attempted murder charge, it is overruled. Wooden was found not guilty of attempted murder by the jury, making the issue moot.