DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Robert Moore, Jr., appeals from his conviction and sentence in the Lorain County Court of Common Pleas. We affirm.
This case presents an example of the phenomenon known as "road rage." On the morning of March 6, 1996, James Roushkolb was driving westbound on Interstate 90 in Lorain County. Traffic was steady that morning, with cars traveling in both available lanes. At some point, appellant Moore came up behind Roushkolb's vehicle in the lefthand, or "fast," lane. Because he believed Roushkolb was traveling too slow for the fast lane, Moore honked his horn, flashed his lights, and drove his Ford Explorer close to the rear of Roushkolb's car. Moore's behavior continued for several miles; Roushkolb applied his brakes once, trying to get Moore to back off. Roushkolb then exited the interstate at the State Route 661 exit, in order to continue to his parents' house. Moore also exited, veering abruptly through the slow lane. Moore regularly used the same exit to return home.
Roushkolb entered a left turn lane and stopped, since the traffic exiting the interstate was stopped for a red traffic signal. Moore pulled up behind Roushkolb and exited his vehicle. Moore then approached Roushkolb's car, opened the car door, and punched Roushkolb in the mouth. Roushkolb, a corrections officer at the Cuyahoga County Jail, grabbed a large flashlight from the passenger seat of his car. Moore then pulled Roushkolb out of the car. Roushkolb struck Moore once in the head with the handle of the flashlight. Moore jabbed his thumb into Roushkolb's left eye, causing Roushkolb to drop the flashlight. Moore picked up the flashlight and struck Roushkolb in the head several times. Eventually, Roushkolb fled from Moore, up a hill toward the State Route 661 overpass. Roushkolb then fell to his knees, whereupon Moore struck him once or twice more.
Two witnesses to the incident had followed Roushkolb and Moore onto the State Route 661 exit. They witnessed the attack, then went to a gas station to call 911. After making the phone call, they returned to the scene, where they found Roushkolb in a semi-conscious state, lying face down in a pool of blood. Moore was still brandishing the flashlight when a police officer from the city of Avon arrived.
An ambulance took Roushkolb to a hospital, where he was treated for his injuries. Roushkolb received a concussion, a laceration on his cranium requiring ten staples to close, and various cuts and bruises. His vision in the left eye was impaired for some time thereafter.
Moore was indicted by the Lorain County Grand Jury on one count of felonious assault, in violation of R.C. 2903.11(A). Two jury trials were held that resulted in hung juries. A third trial was held on May 14 and 15, 1997. The jury convicted Moore of felonious assault, and the trial court sentenced him accordingly. This timely appeal followed.
Moore asserts three assignments of error. We address each in turn.
 First Assignment of Error The trial court abused its discretion to appellant'sprejudice and in violation of rights conferred by Article I,Section 10 of the Ohio Constitution, and the Fifth, Sixth andFourteenth Amendments to the United States Constitution, whenit denied appellant's motion to continue.
Moore argues in his first assignment of error that the trial court erred by denying his motion for a continuance. On the second day of the trial, just before the prosecution rested, the following exchange occurred:
 MS. FERNANDEZ [co-counsel for Moore]: Your Honor, I do have another matter.
 Last night I was contacted by someone whom I had no knowledge of prior to this time and who did not come from the proceedings here yesterday, who has told me that they have information which would be favorable to my client.
 I attempted to verify that last night and was unable to because people were not available for me to speak to.
 At this time I would ask the Court to allow us time to further investigate this and —
 THE COURT: This is the third trial of this matter and no, the Court will deny that at this point because it is too far down the line. Two previous trials have gone on. These people never appeared at that time.
How did you receive this information?
Give me a little more information.
MS. FERNANDEZ: A person called my office —
THE COURT: Who called?
 MS. FERNANDEZ: A sister of Mr. Roushkolb. I had no prior knowledge of her, never had any contact with her. I never attempted to contact her.
THE COURT: What did you attempt to do last night?
 MS. FERNANDEZ: I spoke to her, interviewed her over the telephone. She gave me names of people who would probably — with whom Mr. Roushkolb would have had conversation regarding this incident, the incident before the Court.
 THE COURT: That would be hearsay. That would be hearsay.
MS. FERNANDEZ: She spoke to him firsthand.
THE COURT: It still would be hearsay.
 MS. FERNANDEZ: Well, it would also go to his credibility.
THE COURT: It would be hearsay at this point.
MS. FERNANDEZ: Yes, your Honor.
THE COURT: The Court denies it.
Moore argues that the trial court should have granted the continuance in order for him to investigate the information his attorneys had just received. We disagree.
We review a trial court's decision to grant or deny a continuance under an abuse of discretion standard. State v. Unger
(1981), 67 Ohio St.2d 65, syllabus. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Tulloh v. Goodyear Atomic Corp. (1994), 93 Ohio App.3d 740, 752. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.Freeman v. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546,552.
In determining whether to grant or deny a motion for a continuance, the trial court must balance "any potential prejudice to a defendant [against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Unger, 67 Ohio St.2d at 67.
In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.Id. at 67-68.
The trial court did not abuse its discretion in the case at bar. The trial court weighed the inconvenience to the court and others of delaying a third trial against continuing the trial for an unknown period of time to obtain potential hearsay testimony. Furthermore, no proffer of what the testimony would have been appears on the record other than that it would have been helpful to Moore. "Evid.R. 103(A)(2) requires an offer of proof in order to preserve any error in excluding evidence, unless the excluded evidence is apparent in the record. The defendant has failed to demonstrate how he was prejudiced by the trial court's denial of his continuance." State v. Brooks (1989), 44 Ohio St.3d 185, 195. Moore's first assignment of error is overruled.
 Second Assignment of Error The trial court erred to appellant's prejudice in violationof Crim.R 29, Article I, Section 10 of the OhioConstitution, and the Due Process Clause of the United StatesConstitution, when it denied appellant's motion foracquittal.
In his second assignment of error, Moore argues that the trial court erred by not granting his motion for acquittal under Crim.R. 29(A). Moore asserts there was insufficient evidence to show that he acted knowingly. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
R.C. 2903.11(A) states in pertinent part:
No person shall knowingly:
(1) Cause serious physical harm to another * * *; [or]
 (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon * * * as defined in section 2923.11 of the Revised Code.
R.C. 2901.22(B) defines knowing conduct: "A person acts knowingly * * * when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature[.]" Whether a defendant "knowingly" committed an act is determined from the manner in which the act is done, the means used to commit the act, and all other facts and circumstances in evidence. Statev. Hardin (1984), 16 Ohio App.3d 243, 245.
Viewing the evidence in a light most favorable to the State, we find that the trial court properly denied Moore's motion for acquittal. A jury could reasonably infer that Moore knowingly caused serious physical harm to Roushkolb by approaching Roushkolb's car, punching Roushkolb, putting his thumb in Roushkolb's eye, and beating Roushkolb on the head repeatedly with a flashlight. A reasonable jury could believe that such actions indicate that Moore was aware that by punching and striking Roushkolb, he would probably cause serious physical harm to Roushkolb. Sufficient evidence was adduced to support the conviction. Accordingly, Moore's second assignment of error is overruled.
 Third Assignment of Error The trial court erred to appellant's prejudice when itentered judgment of conviction where such judgment wasagainst the manifest weight of the evidence.
Moore's third assignment of error contends that his conviction was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
We cannot say that the jury lost its way in the case at bar. Moore testified that Roushkolb instigated the incident, and that he acted in self-defense. However, the testimony of Roushkolb and two witnesses to the attack was in accord: Moore instigated the attack and severely injured Roushkolb. Moore even admitted to striking Roushkolb with the flashlight and causing his injuries. The conviction is not against the manifest weight of the evidence. Accordingly, Moore's third assignment of error is overruled.
Moore's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
QUILLIN, P. J.
DICKINSON, J., CONCUR