DECISION AND JOURNAL ENTRY
Defendant William Damberger appeals his conviction in the Wadsworth Municipal Court on one count of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). We affirm.
Shortly before 1:00 a.m. on May 9, 1999, Trooper Christopher Midkiff of the Ohio Highway Patrol ("OHP") exited Interstate 71 in Medina County, Ohio, at the State Route 83 interchange. Although Trooper Midkiff was normally assigned to the OHP Elyria Post, on this occasion he had just finished assisting with a traffic patrol on Interstate 71 and was returning home in his patrol car. As he traveled north on State Route 83, he noticed the headlights of a vehicle turning left from Harris Road onto the southbound lane of State Route 83. As the vehicle approached his patrol car, Trooper Midkiff observed the vehicle drift toward the centerline. After the vehicle passed, he looked into his driver's side mirror and saw the vehicle, a pickup truck, go left of center by approximately two feet. Trooper Midkiff turned his patrol car around to follow the truck. After he caught up, Trooper Midkiff saw the truck weave within its lane, go left of center once more, and drive on the right line (white line or fog line) twice. He then executed a traffic stop.
When he reached the truck, Trooper Midkiff asked the driver and sole occupant, Defendant, for his license and insurance information. Trooper Midkiff detected an odor of an alcoholic beverage on Defendant and noted that Defendant had bloodshot, glassy eyes and slightly slurred speech. Trooper Midkiff asked Defendant if he had consumed any alcohol that night. Defendant first stated that he did not but later said that he had "a few." At that point, Trooper Midkiff decided to perform sobriety tests and asked Defendant to exit the truck.
Trooper Midkiff performed a horizontal gaze nystagmus test inside his patrol car. Defendant's performance indicated six out of six clues. Then, Trooper Midkiff had Defendant perform a one leg stand test and a walk and turn test. Defendant was unable to successfully perform either test. Based on the test results and the earlier observations, Trooper Midkiff arrested Defendant for driving under the influence of alcohol.
Trooper Midkiff transported Defendant to the OHP Medina Post. While Defendant was there, Trooper Pablo Cruz observed him and noted that Defendant exuded an odor of alcohol and had slurred speech. A breathalyzer test was performed; the result was 0.092, below the legal limit.
Defendant was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1).[1] Defendant pleaded not guilty. A jury trial was held on September 7 and 9, 1999. Troopers Midkiff and Cruz testified for the State. Defendant presented his own testimony and that of his son, a coworker, and a bartender. After deliberating, the jury found Defendant guilty. The trial court sentenced him accordingly. Defendant timely appealed to this court.
Defendant asserts two assignments of error. We will address each in turn.
 Assignment of Error I THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION FOR A MISTRIAL BASED UPON THE INTRODUCTION OF UNDULY PREJUDICIAL EVIDENCE.
Defendant argues in his first assignment of error that the trial court abused its discretion by denying a motion for mistrial. The trial court ruled that no evidence of the 0.092 breathalyzer test was to be presented. At trial, breathalyzer testing was referred to by Troopers Midkiff and Cruz. After both occurrences, the trial court gave the jury a curative instruction. Based on that testimony, Defendant moved for a mistrial. The trial court denied the motion. Defendant contends that the trial court should have granted the motion because the curative instructions were insufficient to overcome any prejudice. We disagree.
The essential inquiry on a motion for a mistrial is whether the substantial rights of the accused are adversely affected.State v. Nichols (1993), 85 Ohio App.3d 65, 69. "Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible." State v. Franklin (1991), 62 Ohio St.3d 118,127.
A trial court's ruling on a motion for a mistrial will be reversed only for an abuse of discretion. State v. Stewart
(1996), 111 Ohio App.3d 525, 533. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
During his direct examination, Trooper Midkiff was asked how he would generally make a determination that a driver was under the influence of alcohol, and he responded that his decision was based on the results of sobriety tests and performance on breathalyzer tests. Defendant objected. After a side bar, the trial court sustained the objection, instructed the jury to disregard the statement, and said, "There is no test, this is not a test case."
Trooper Cruz was asked on direct examination about the conditions under which he observed Defendant. Trooper Cruz first stated that he observed Defendant while he was in "the BAC testing room." No objection to this statement was entered. After another question, Trooper Cruz testified that he observed Defendant seated while waiting for his breath test. Defendant objected and, at a sidebar, moved for a mistrial. The trial court denied the motion for a mistrial but sustained the objection and instructed the jury, "This is not a test case. That is not relevant in this case, and you are to disregard any testimony concerning it." The motion for mistrial was renewed after the State's case in chief and after Defendant's case in chief and was denied each time.
We find that the trial court did not abuse its discretion by denying Defendant's motion for mistrial. The statement from Trooper Midkiff was in response to a general question and did not specifically refer to any breathalyzer test by Defendant. There was no objection to the statement of Trooper Cruz that he observed Defendant in the breathalyzer testing room. In any event, a curative instruction followed each objection. A jury is presumed to follow the instructions given by the trial court. State v.Garner (1995), 74 Ohio St.3d 49, 59. We cannot say that the troopers' statements and the curative instructions adversely affected Defendant's substantial rights and deprived him of a fair trial. Defendant's first assignment of error is overruled.
 Assignment of Error II THE EVIDENCE IS INSUFFICIENT TO SUSTAIN DEFENDANT'S CONVICTION AND THE CONVICTION SHOULD BE REVERSED AS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
For his second assignment of error, Defendant argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.
We first address Defendant's manifest weight argument. When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 4511.19(A)(1) states: "No person shall operate any vehicle * * * within this state, if * * * [t]he person is under the influence of alcohol[.]" Trooper Midkiff testified that in his six and one half years with the OHP he had made between 800 and 1000 arrests for driving under the influence. He stated that he observed Defendant's vehicle stray into the left lane three times, go onto the right line twice, and weave within its lane. Defendant exuded an odor of alcohol, admitted to having a few alcoholic drinks, and exhibited other signs of intoxication. Defendant also failed to successfully perform three field sobriety tests. Defendant responded negatively when asked about whether he was taking any medications or whether he had any physical conditions that would affect his performance on the tests. Based on his training and experience, Trooper Midkiff determined that Defendant was under the influence of alcohol. Trooper Cruz testified that he noticed an odor of alcohol emanating from Defendant's person and that Defendant's speech was slurred.
Defendant presented three witnesses in addition to himself. Robert Benham, a coworker of Defendant, testified that Defendant worked on a landscaping project at his (Benham's) house until 10:00 p.m. on the evening of May 8, 1999, and that Defendant did not consume any alcohol during that time. LeAnn Gudsch, a bartender at Gino's Bar and Grill in Lodi, Ohio, testified that Defendant came to the bar at about 11:30 p.m. and was there for about an hour. She stated that Defendant normally drinks a non-alcoholic beverage called O'Doul's, which the bar stocks specifically for him. However, the bar was out of O'Doul's that night, so she served him two drinks containing one-fourth to one-third Black Velvet whiskey, ice, and ginger ale. Gudsch also said that Defendant did not have any difficulty walking when he left and did not appear intoxicated. Scott Damberger, Defendant's son, testified that he retrieved Defendant's truck after Defendant was arrested and that the truck was located in a different location that had been stated by Trooper Midkiff as where the traffic stop took place. Scott also testified that when he picked Defendant up at the highway patrol post there was nothing unusual about Defendant's speech and that Defendant had no trouble walking.
Defendant testified that he had medical problems that affected his test performance, including tendonitis and an absence of cartilage in his left knee, and that he was being treated for a manic-depressive condition with two medications. His recounting of events prior to the stop was similar to that of Benham and Gudsch, but Defendant also stated that he had consumed the last O'Doul's at Gino's Bar and Grill prior to the two whiskey drinks. According to Defendant, when he turned left from Harris Road onto State Route 83, there were no cars on the road and that after about a third of a mile the lights of a police car suddenly appeared behind him. He attributed his poor performance on the sobriety tests on inadequate lighting and his physical conditions, which prevented him from putting weight on his left leg and from placing his feet in a heel-toe position. Defendant also asserted that the traffic stop seemed "funny," since he had reported a sheriff's deputy tailgating him to the same OHP post one day before the traffic stop.
We conclude that Defendant's conviction is not against the manifest weight of the evidence. There was ample evidence that Defendant's driving was impaired as a result of intoxication. While it was insinuated during Trooper Midkiff's cross-examination that Defendant's medications caused his poor performance on the horizontal gaze nystagmus test, there was no testimony as to the effects of Defendant's medications on that test. There was also no testimony confirming Defendant's other medical conditions beyond Defendant's own testimony. The testimony does not weigh heavily in favor of Defendant, and the jury did not clearly lose its way when it found Defendant guilty of driving under the influence of alcohol.
We next address Defendant's sufficiency argument. Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988),51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the State. Id.
This court has held that "a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts
(Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Because we have determined that Defendant's conviction was not against the manifest weight of the evidence, his arguments regarding the sufficiency of the evidence must also fail.
Defendant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. The second assignment of error is overruled.
Defendant's two assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, BATCHELDER, P.J., BAIRD, J., CONCUR
[1] Defendant was also charged with a lane violation and driving without a seatbelt. Those charges were tried to the bench; Defendant was found guilty of the lane violation and not guilty of driving without a seatbelt. Defendant does not contest the lane violation conviction on appeal.