THE STATE OF OHIO, APPELLEE, *v.* WOLFE ET AL., APPELLANTS.

(Nos. 4288, 4321 and 4322—Decided August 10, 1988.)

*Gregory A. White,* prosecuting attorney, for appellee.

*James M. Burge,* for appellants.

CACIOPPO, J. On December 2, 1986, the appellants, Thomas and Laura Wolfe, were indicted and charged with unlawful transaction in weapons, in violation of R.C. 2923.20(A)(1).

On February 3, 1987, in another indictment, Thomas and Laura were charged with engaging in a pattern of corrupt activity (R.C. 2923.32), and possession of firearms with the purpose of engaging in unlawful transaction in weapons (R.C. 2923.20[A][2]]).

At trial, Thomas and Laura were found guilty on two counts of unlawful transaction in weapons. Thomas was found guilty of engaging in corrupt activity; Laura was found not guilty of engaging in corrupt activity. Accordingly, the appellants were sentenced and they now appeal.

Assignment of Error I

"The trial court erred, and to the prejudice of appellants, in denying their Crim. R. 29 motions for judgment of acquittal, in that the state failed to present sufficient, probative evidence of essential elements of the offense of unlawful transactions in weapons, R.C. 2923.20(A)(1), (2), *i.e.*[:]

"a. that defendants furnished firearms to a person prohibited by R.C. 2923.13 from acquiring a firearm [R.C. 2923.20(A)(1)], or

"b. that defendants possessed firearms with that purpose [R.C. 2923.20(A)(2)]."

The appellants contend that the state failed to produce evidence sufficient to make out a *prima facie* case in that: (1) the state did not prove that, in the October 23, 1985 gun transaction, Thomas possessed a weapon, or that the sale of guns was to a prohibited person; and (2) the state did not prove that the sale of weapons made on November 13, 1985 was to a prohibited person.

In reviewing a ruling on Crim. R. 29(A), this court construes the evidence in a light most favorable to the government. An entry denying the motion is proper if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, 9 O.O. 3d 401, 381 N.E. 2d 184, syllabus.

The record shows that Thomas played an important part in procuring another to buy the guns. Thomas recruited Mark Seese to purchase the guns. Thomas reasoned with Seese that the guns would not be "thrown down," *i.e.*, left at any crime scene. Thomas apologized to Seese after his arrest and provided him with the receipt for the guns. An expert witness testified that the name and phone number obliterated on the order form for the guns were those of Thomas Wolfe.

The record also shows that the parties stipulated that under R.C. 2923.13, Euripedes Velasquez was a "prohibited person," as defined by R.C. 2923.20. Seese testified that he purchased the guns for "Petie," and that he took Petie home after purchasing the guns. Seese testified that Petie resided at 2332 Sunset Drive, Lorain, Ohio. Agent Johnson testified that Euripedes Velasquez lived at 2332 Sunset Drive, Lorain, Ohio, and that in his presence, Seese identified Petie's car at this address.

Based on the foregoing, there was sufficient evidence justifying the trial court's denial of the appellant's motion for acquittal as to the October 23, 1985 gun transaction.

The record further shows that on November 13, 1985, Laura sold firearms to two Puerto Rican males. One man called himself Jose Garcia. Agent Johnson testified that he was provided with information that Jose Garcia was in fact Pedro Velasquez. Agent Johnson also testified that Pedro Velasquez was convicted of illegal transfer of firearms and narcotics and, thus, was a prohibited person under R.C. 2923.20. Based on the foregoing, the trial court did not err in denying the appellant's motion for acquittal as to the November 13, 1985 gun transaction. This assignment of error is not well-taken.

Assignment of Error II

"The trial court erred, and to the prejudice of appellant Thomas Wolfe, in overruling his Crim. R. 29 motion for judgment of acquittal in count one of case no. 33836, charging the offense of engaging in a pattern of corrupt activity, R.C. 2923.32, in that the state failed to present sufficient and competent, credible evidence that appellant engaged in a pattern of corrupt activity, as defined in R.C. 2923.31."

Thomas contends that the state failed to prove that he engaged in a pattern of corrupt activity after the effective date of R.C. 2923.32.

" 'Pattern of corrupt activity' means two or more incidents of corrupt activity * * * that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(E). "At least one of the incidents forming the pattern shall occur on or after the effective date of this section." *Id.* The effective date of the statute is January 1, 1986.

In order to prove an incident of corrupt activity, the state was required to show that Thomas engaged in, attempted to engage in, conspired to engage in, or solicited, coerced or intimidated another person to engage in a prohibited activity as set forth in R.C. 2923.31(I).

In the instant case, the state called James Hiteshew to testify to Thomas' activity after the effective date of the statute. Hiteshew testified that he was working at Harold's Trading Post at Jamie's Flea Market in South Amherst, Ohio, and that Thomas and Laura came to the booth and talked to him sometime in January 1986. Hiteshew described the event as follows:

"I was working there; and they walked up like everybody else did and

started talking to me about buying guns or just normal conversation."

There was no other evidence presented at trial to show that Thomas engaged in a corrupt activity occurring after January 1, 1986. Based on the foregoing, the state failed to present sufficient evidence that Thomas engaged in a pattern of corrupt activity. Thus, the trial court erred in overruling Thomas' motion for judgment of acquittal on the charge of engaging in a pattern of corrupt activity. This assignment of error is well-taken. Therefore, Thomas' conviction of engaging in a pattern of corrupt activity is vacated, and judgment of acquittal entered.

### Assignment of Error III

"The trial court erred, and to the prejudice of appellants, in admitting into evidence, over objection, the prior criminal records of appellant Thomas J. Wolfe."

Thomas contends that his prior convictions were irrelevant and highly prejudicial. The case *sub judice* deals with a conspiracy designed to distribute handguns through the use of a straw purchaser. Thomas' prior record was needed to show that he was a person prohibited from purchasing firearms. This evidence showed his need to recruit someone else to purchase the guns. Thomas' prior convictions were relevant and admissible to prove motive and plan.

This assignment of error is not well-taken.

### Assignment of Error IV

"The trial court erred, and to the prejudice of appellant Laura S. Wolfe,

in entering a judgment of conviction in case no. 33481, unlawful transactions in weapons, R.C. 2923.20(A)(1) and in case no. 33837, count two, possession of firearms with purpose to engage in unlawful transactions in weapons, R.C. 2923.20(A)(2), as each offense charged the same conduct and proof of one would necessarily constitute proof of the other."

R.C. 2941.25(A) states:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

The statute prohibits cumulative punishment of a defendant for the same criminal act when his conduct can be construed to constitute two statutory offenses, and when, in effect, only one offense has been committed.

In the instant case, the state has conceded this assignment of error. This assignment of error is well-taken and Laura Wolfe's conviction of possession of firearms with purpose to engage in unlawful activities in violation of R.C. 2923.20(A)(2) is vacated.

The judgment of the trial court is affirmed in part, vacated in part, reversed in part and remanded to the trial court for further proceedings consistent with this opinion.

*Judgment accordingly.*

MAHONEY, P.J., concurs.

QUILLIN, J., dissents as to Assignment of Error II and concurs with the disposition of the remaining assignments of error.