[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This appeal is taken by defendant-appellant Lee. E. Reinhart from the judgment of the Tiffin Municipal Court finding him guilty of menacing.
On August 10, 1998, the victim crossed a picket line at Farmland Foods. Appellant, who was one of the picketers, yelled several things at the victim, including the statement that he knew where she lived and was coming over. The victim took this to be a threat and notified the police. On August 18, 1998, Lieutenant J.W. Browning filed a criminal complaint in Tiffin Municipal Court. A motion to dismiss the complaint was filed on September 11, 1998. The motion was overruled on September 14, 1998. On September 22, 1998, the matter was tried before the bench and Appellant was found guilty. It is from this judgment that he appeals.
Appellant makes the following assignments of error:
 The trial court erred in failing to grant Appellant's motion to dismiss, as the trial court failed to recognize that the case was pre-empted to the exclusive jurisdiction of the National Labor Relations Board.
 The trial court erred in failing to grant Appellant's motion for judgment of acquittal made at the conclusion of the State's case.
In the first assignment of error, Appellant claims that federal law preempted the claim. The purpose of the National Labor Relations Board ("NLRB") is not punitive. Teamsters Local 372 v. Detroit Newspapers (1998), 155 L.R.R.M. 2089. This leaves the state courts free to respond to all civil and criminal matters that arise from, but are in some way independent of, the underlying labor dispute. Id. When the predicate offense is only unlawful because of the labor laws, the offense is preempted. Id. Conversely, if the offense is merely a "peripheral concern" of the labor laws, the preemption doctrine does not apply. Vaca v. Sipes
(1967), 386 U.S. 171, 17 L.Ed.2d 842, 87 S.Ct. 903.
Here, the incident was not of importance to the collective bargaining dispute. Additionally, the trial court had no need to refer to any federal law to resolve the issue. The charge was menacing and is a state offense, regardless of the situation. Based upon the circumstances surrounding the charge, the case is a peripheral concern of the labor laws and the preemption doctrine does not apply. The first assignment of error is overruled.
In the second assignment of error, Appellant claims that his motion to acquit should have been granted.
 The court on motion of a defendant * * * after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
Crim.R. 29(A). In reviewing a motion for acquittal, the evidence must be viewed in a light most favorable to the State. State v.Wolfe (1988), 51 Ohio App.3d 215, 555 N.E.2d 689. Here, the State presented two witnesses. The first was the victim who testified that she heard Appellant yelling at her and calling her names angrily. Then she heard Appellant say that he knew where she lived and was coming over. The victim took this statement to be a threat and was afraid that Appellant intended to cause harm to either her or her property. The second witness was a security guard who testified that he heard Appellant yelling at the victim. He also testified that he heard Appellant threaten the victim with bodily harm, although he stated that the victim was too far away to hear the statement. Appellant admitted that he wanted to upset the victim.
R.C. 2903.22(A) states as follows:
 No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person * * *.
Although Appellant and his witness testified that Appellant did not threaten the victim, the trial court, as the finder of fact, could have found that Appellant intended to imply a threat and frighten the victim. Taking the evidence in a light most favorable to the State, reasonable minds could conclude that Appellant intended to scare the victim and cause her to believe that either she or her property were be injured. The second assignment of error is overruled.
The judgment of the Tiffin Municipal Court is affirmed.
Judgment affirmed.
 SHAW and HADLEY, JJ., concur.