DECISION AND JOURNAL ENTRY
Appellant, Darwin Isom, appeals from his conviction in the Lorain County Court of Common Pleas for trafficking in marijuana. We affirm.
On October 6, 1995, James Davis was working as a confidential informant for the Lorain County Drug Task Force in exchange for a positive sentencing recommendation in his own case.[1] On that day, Detective James Lynsky of the Lorain County Drug Task Force took Mr. Davis to Oberlin, Ohio, fitted him with a wire to record his conversations with others, and searched him for contraband. Mr. Davis then proceeded to walk down a street in Oberlin. Mr. Davis saw Mr. Isom across the street and mistakenly thought that Mr. Isom was talking to him. When he realized that Mr. Isom was in fact calling someone else, he asked Mr. Isom for a cigarette. Mr. Isom crossed the street to join Mr. Davis, who after some light conversation, asked if Mr. Isom had some "tweed," which is slang for marijuana. Mr. Isom eventually inquired what amount Mr. Davis wanted. Mr. Davis responded that he wanted to purchase a "20 sack" or "30 sack,"[2] which is roughly equivalent to a quarter ounce or seven grams. Mr. Isom said that he did not have the drugs with him at that moment but could deliver the marijuana later that same evening. Mr. Davis gave Detective Lynsky's pager number to Mr. Isom, telling Mr. Isom that it was his own. During this encounter, neither drugs nor money changed hands; however, Mr. Davis testified that this practice was not uncommon, especially when the seller is not familiar with the buyer. Mr. Davis never completed the deal because of concerns that recently released prisoners from the same jail as Mr. Davis might identify him as a confidential informant. Further, Detective Lynsky could not definitively say whether he had ever received a page from Mr. Isom.
On May 29, 1996, the Lorain County Grand Jury indicted Mr. Isom on a single count of trafficking in marijuana, in violation of R.C. 2925.03(A)(1), and a specification that Mr. Isom had been previously convicted of a violent offense, specifically attempted robbery. A jury trial was held on April 22, 1999. At trial, Mr. Davis and Mr. Lynsky testified, and the audiotape of the conversation was played for the jury.[3] Mr. Isom chose not to testify and did not present any witnesses in his defense. In a verdict journalized on April 22, 1999, the jury found Mr. Isom guilty. He was sentenced accordingly. This appeal followed.
Mr. Isom asserts a single assignment of error:
 THE JUDGEMENT [sic] OF CONVICTION OF TRAFFICKING IN MARIJUANA WITH A PRIOR OFFENSE OF VIOLENCE SPECIFICATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW AND THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO OHIO CRIMINAL RULE 29.
Although Mr. Isom purports to argue that his conviction for trafficking in marijuana was against the manifest weight of the evidence, the substance of his argument is one of sufficiency, not weight. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case.
As a preliminary matter, we note that sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 387.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Mr. Isom was found guilty of trafficking in marijuana, in violation of R.C. 2925.03(A)(1), which states in relevant part that "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance in an amount less the minimum bulk amount[.]"[4] "A person can `offer to sell a controlled substance' in violation of R.C. 2925.03(A)(1) without transferring a controlled substance to the buyer." State v. Scott (1982),69 Ohio St.2d 439, syllabus.
In the present case, neither party argues that the amount of marijuana in question (approximately seven grams) was greater than the minimum bulk amount, or that marijuana is not a controlled substance. Rather, Mr. Isom contends that his conviction should be reversed because the State did not prove that he sold or offered to sell marijuana. However, we find that there was ample evidence presented at trial to show that Mr. Isom had offered to sell marijuana to Mr. Davis. Although Mr. Davis made the initial overture to Mr. Isom by inquiring whether he had any "tweed," Mr. Isom was the one who eventually asked Mr. Davis exactly what quantity he required and told Mr. Davis that he would bring him the marijuana later in the evening. Moreover, Mr. Isom set the price at $35.00 and boasted that he would normally get between $45.00 and $60.00 for this type and quantity of marijuana. Mr. Isom took the pager number from Mr. Davis for the ostensible purpose of contacting him when the contraband was available for delivery. Lastly, Mr. Davis testified that it is not uncommon for neither the drugs nor money to be exchanged initially, especially when the buyer is unfamiliar to the seller.
Mr. Isom further argues that the testimony of Mr. Davis, a confidential informant, was not credible because he made a bargain with the State to make drug buys in exchange for a favorable sentencing recommendation in his own case. However, the jury found to the contrary despite knowing the details of this bargain and being correctly instructed by the trial judge that the jury "may believe or disbelieve all or any part of the testimony of any witness." As the jury had the opportunity to view Mr. Davis's testimony and adjudge his credibility, we must give the jurors' judgments deference. State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. As such, we hold that the jury did not commit a manifest miscarriage of justice and act against the manifest weight of the evidence in convicting Mr. Isom of trafficking in marijuana, in violation of former R.C.2925.03(A)(1). Consequently, we conclude that Mr. Isom's assertion that the state did not produce sufficient evidence to support a conviction, therefore, is also without merit. SeeRoberts, supra, at 4.
Accordingly, Mr. Isom's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
FOR THE COURT SLABY, J.
QUILLIN, J., CONCUR.
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
[1] Mr. Davis had been convicted of three counts of aggravated trafficking of a controlled substance, among other offenses.
[2] A "20 sack" or "30 sack" is slang for a $20.00 or $30.00 bag of marijuana.
[3] The jury heard both the original audiotape of the conversation and a cleaned-up version, on which much of the background noise had been eliminated.
[4] This court will use the code provisions in effect on the date that the crime was committed, specifically October 6, 1995.