DECISION AND JOURNAL ENTRY
Appellant, Larry P. Phelps, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
On July 14, 1998, the Summit County Grand Jury indicted Mr. Phelps on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A). On the morning of trial, the State moved to amend the indictment to remove the language of "within the vicinity of a school, to-wit: Henry City Day Care" from both counts of the indictment, but retained the language of "in the vicinity of a juvenile" in count one. Subsequently, the State moved to amend both counts in the indictment, so that the weight of the crack cocaine specified in the indictment was an amount exceeding ten grams but not exceeding twenty-five grams in weight, thus making count one a first degree felony and count two a second degree felony. A jury trial was held, commencing on June 30, 1999. After the close of evidence, Mr. Phelps made a motion for acquittal, pursuant to Crim.R. 29, which motion was denied by the trial court. In a verdict journalized on July 7, 1999, the jury found Mr. Phelps guilty of the charges contained in the amended indictment. He was sentenced accordingly. This appeal followed.
Mr. Phelps asserts two assignments of error. We will consolidate them to facilitate review.
 First Assignment of Error DUE PROCESS IS DENIED AN ACCUSED WHERE THE CONVICTION HAS BEEN OBTAINED UPON EVIDENCE INSUFFICIENT AS A MATTER OF LAW [sic].
 Second Assignment of Error THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 In his first and second assignments of error, Mr. Phelps avers that his conviction for trafficking in drugs was based on insufficient evidence and against the manifest weight of the evidence. Mr. Phelps also contends that because Mr. Roseborough was the only witness at trial to personally observe the drug transaction and was an informant in exchange for a favorable sentencing recommendation in his own case, his testimony was not credible and insufficient to sustain a verdict against Mr. Phelps. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
 (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Mr. Phelps was convicted of two counts of trafficking in cocaine,[1]
in violation of R.C. 2925.03(A), which provides that "[n]o person shall knowingly sell or offer to sell a controlled substance." "If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine." R.C. 2925.03(C)(4). If the amount of the crack cocaine "exceeds ten grams but does not exceed twenty-five grams * * *, trafficking in cocaine is a felony of the second degree[.]" R.C. 2925.03(C)(4)(e). However, if the amount of crack cocaine exceeds ten grams but does not exceed twenty-five grams and "the offense was committed * * * in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree[.]" R.C. 2925.03(C)(4)(e).
We find that the jury did not act against the manifest weight of the evidence in convicting Mr. Phelps on the two counts of trafficking in cocaine contained in the amended indictment. As part of an undercover investigation, Anthony Roseborough, a confidential informant, made two tape-recorded phone calls[2] to Mr. Phelps on May 28, 1998 and July 8, 1998. Mr. Roseborough had previously been arrested for trafficking in cocaine by Mark Schoonover of the Medina County Drug Task Force and offered to cooperate with law enforcement agents in exchange for a favorable sentencing recommendation. On May 28, 1998, Mr. Roseborough paged Mr. Phelps, from whom Mr. Roseborough had previously purchased crack cocaine, and Mr. Phelps returned the page by calling Mr. Roseborough. Mr. Roseborough testified that he arranged to purchase approximately one ounce of crack cocaine for $1,000 from Mr. Phelps. Subsequently, Mr. Roseborough and his vehicle were searched by law enforcement officials to ensure he did not have any narcotics before making the controlled buy. He was fitted with a body wire and was provided with $1,000 of buy money, the serial numbers of which had been recorded. While under visual and audio surveillance, Mr. Roseborough drove to Mr. Phelps's residence, which was located in Summit County, Ohio. According to Mr. Roseborough's testimony, he went into Mr. Phelps's basement, where Mr. Phelps produced crack cocaine packaged in sandwich bags. While Mr. Roseborough was buying the crack cocaine, two children, approximately five to eight years of age, came into the basement. After completing the transaction, Mr. Roseborough drove to the rendezvous point, while under surveillance. He then gave the law enforcement officials the crack cocaine, was searched again, and filled out a report. Subsequently, the crack cocaine from the May 28, 1998 controlled buy was analyzed and confirmed to be cocaine, weighing 18.1 grams.
Mr. Roseborough testified that on July 8, 1998, he made another tape-recorded telephone call to Mr. Phelps and arranged to purchase approximately one ounce of crack cocaine for $1,000. Again, Mr. Roseborough was searched, fitted with a body wire, and provided with $1,000 of pre-recorded buy money. His vehicle was also searched for contraband. While under visual and audio surveillance, Mr. Roseborough drove to Mr. Phelps's residence, where the drug transaction occurred in the driveway. According to Mr. Roseborough's testimony, Mr. Phelps opened the trunk of his vehicle, revealing numerous small bundles of cocaine, packaged in plastic lunch bags. Mr. Roseborough then purchased crack cocaine in exchange for the $1,000. Agent Schoonover testified that after the drug transaction had occurred, a vehicle left Mr. Phelps's residence. This vehicle and the driver were never identified. After the controlled buy, Mr. Roseborough returned to the prearranged meeting point, where he gave the officers the contraband and was searched and debriefed. At this time, Mr. Roseborough told the law enforcement agents about the cocaine that he saw in the trunk of Mr. Phelps's automobile. Immediately thereafter, the officers obtained a warrant for Mr. Phelps's arrest and arrested him outside a convenience store. Agent Schoonover testified that neither cocaine nor buy money was found on Mr. Phelps's person or in his automobile. However, Charles Rowland, who was employed by the Bureau of Criminal Identification for the Office of the Attorney General, testified that there was a brief period of time between the controlled buy and Mr. Phelps's arrest during which Mr. Phelps was not under surveillance. Mr. Phelps's house was also searched, but law enforcement officials did not find any crack cocaine. They did discover a digital scale, which is commonly used in the drug trade according to Agent Schoonover. Later, the crack cocaine from the July 8, 1998 controlled buy was analyzed and confirmed to be cocaine, weighing 23.2 grams.
During the two controlled buys, Mr. Roseborough and Mr. Phelps's residence were under surveillance, according to the testimonies of various law enforcement officials. However, none of the law enforcement officials who testified at trial personally observed Mr. Phelps selling Mr. Roseborough crack cocaine. Thus, only Mr. Roseborough was able to testify to the actual exchange of drugs between Mr. Phelps and himself. Mr. Phelps argues that the testimony of Mr. Roseborough was not credible because he made a bargain with the State to make drug buys in exchange for a favorable sentencing recommendation in his own case. However, the jury found to the contrary despite knowing the details of this bargain. As the jury had the opportunity to view Mr. Roseborough's testimony and adjudge his credibility, we must give the jurors' judgments deference.State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. After carefully reviewing the record, we conclude that the jury did not act against the manifest weight of the evidence in determining that on May 28, 1998, Mr. Phelps knowingly sold crack cocaine in an amount exceeding ten grams but not exceeding twenty-five grams in the vicinity of a juvenile. Similarly, we also find that the jury did not commit a manifest miscarriage of justice in concluding that on July 8, 1998, Mr. Phelps knowingly sold crack cocaine in an amount exceeding ten grams but not exceeding twenty-five grams. Therefore, we hold that Mr. Phelps's convictions on two counts of trafficking in cocaine, in violation of R.C. 2925.03, were not against the manifest weight of the evidence.
Consequently, we conclude that Mr. Phelps's assertion that the State did not produce sufficient evidence to support his conviction, therefore, is also without merit. See Roberts, supra, at 4. Accordingly, Mr. Phelps's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
[1] Count one was a felony of the first degree and count two was a felony of the second degree.
[2] The telephone conversations between Mr. Phelps and Mr. Roseborough, as well as the May 28, 1998 controlled buy, were recorded and the audiotapes were played for the jury and admitted into evidence.