This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Nelson Yarbrough, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
On December 9, 1999, the Summit County Grand Jury indicted Mr. Yarbrough and his friend, Andre Sams, for attempted burglary, in violation of R.C. 2911.12(A)(2) and 2923.02, and receiving stolen property, in violation of R.C. 2913.51(A). Both Mr. Yarbrough and Mr. Sams were tried together before a jury, commencing on February 24, 2000. Neither Mr. Yarbrough nor Mr. Sams testified on his own behalf or presented witnesses in his defense. In a verdict journalized on March 6, 2000, the jury found Mr. Yarbrough guilty of attempted burglary and receiving stolen property. He was sentenced accordingly. This appeal followed.
Mr. Yarbrough asserts two assignments of error. We will consolidate them to facilitate review.
 First Assignment of Error THE CONVICTION OF THE APPELLANT FOR THE CHARGE OF RECEIVING STOLEN PROPERTY IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED.
 Second Assignment of Error THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF CRIMINAL RULE 29; SPECIFICALLY, THERE WAS NOT SUFFICIENT EVIDENCE TO PROVE THE OFFENSE OF RECEIVING STOLEN PROPERTY BEYOND A REASONABLE DOUBT.
Mr. Yarbrough contends that his conviction for receiving stolen property is supported by insufficient evidence, and therefore, the trial court erred in overruling his Crim.R. 29 motion for acquittal. He further avers that his conviction for receiving stolen property was against the manifest weight of the evidence.[1] He claims that his conviction should be reversed because there was no evidence or testimony that showed that Mr. Yarbrough knew or should have known that the Lexus automobile was stolen. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy."State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Mr. Yarbrough was convicted of receiving stolen property, in violation of R.C. 2913.51(A), which states: "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through the commission of a theft offense."
In the present case, we find that Mr. Yarbrough's conviction for receiving stolen property was not against the manifest weight of the evidence. At trial, witnesses testified that a newer dark-colored car was parked in the driveway of the Summers residence on Arlington Road, and the driver, later identified as Mr. Yarbrough, attempted to pry open a sliding glass door of the Summers residence. Thalia McVicker, a neighbor of the Summers, testified that she saw the passenger of the vehicle, later identified as Mr. Sams, exit the vehicle and walk to the back of the Summers house. The two men eventually left the Summers residence in the vehicle.
Deputy Sheriff Harold Britt of the Summit County Sheriff's Office testified that he was dispatched to a burglary call on Arlington Road. The dispatch relayed that the two suspects were in a dark-colored newer car. While responding to the call, he noticed a newer dark-colored car with two men slouched down in the front seat. He followed the car, and subsequently, the two men left the car, a foot-chase ensued, and the men were ultimately apprehended. Deputy Britt stated that the vehicle was a 1994 black Lexus. He learned that the Lexus had been reported stolen by running its license plate through an information database called LEADS. During cross-examination, Deputy Britt noted that the vehicle did not have a peeled column. Also, a key, which started the Lexus, was found on Mr. Yarbrough's person.
Detective Jeffrey Franklin of the Summit County Sheriff's Office testified that he interviewed Mr. Yarbrough, who stated that a friend, "Doctor D," had loaned him the 1994 Lexus and that he picked it up at Cleveland Hopkins Airport. However, Detective Franklin stated that Mr. Yarbrough could not identify the first or last name of Doctor D. After carefully reviewing the record, we hold that the jury did not act against the manifest weight of the evidence in convicting Mr. Yarbrough of receiving stolen property. Consequently, we conclude that Mr. Yarbrough's assertion that the State did not produce sufficient evidence to support a conviction, therefore, is also without merit. See Roberts, supra, at 4.
Accordingly, Mr. Yarbrough's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ WILLIAM G. BATCHELDER
CARR, J., CONCURS
[1] On appeal, Mr. Yarbrough does not challenge his conviction for attempted burglary.