This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Andre Sams, appeals his conviction for attempted burglary. We affirm.
On December 9, 1999, the Summit County Grand Jury indicted Mr. Sams and his friend, Nelson Yarbrough, for attempted burglary, in violation of R.C. 2911.12(A)(2) and 2923.02, and receiving stolen property, in violation of R.C. 2913.51(A). Both Mr. Yarbrough and Mr. Sams were tried together before a jury, commencing on February 24, 2000. Neither Mr. Yarbrough nor Mr. Sams testified on his own behalf or presented witnesses in his defense. In a verdict journalized on March 6, 2000, the jury found Mr. Sams guilty of attempted burglary, but acquitted him as to the receiving stolen property charge. He was sentenced accordingly. This appeal followed.
Mr. Sams asserts three assignments of error. We will consolidate them to facilitate review.
 First Assignment of Error THE CONVICTION OF THE APPELLANT FOR THE CHARGE OF ATTEMPTED BURGLARY IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED[.]
 Second Assignment of Error THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF CRIMINAL RULE 29; SPECIFICALLY, THERE WAS NOT SUFFICIENT EVIDENCE TO PROVE THE OFFENSE OF ATTEMPTED BURGLARY BEYOND A REASONABLE DOUBT[.]
 Third Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF CRIMINAL RULE 29(A), ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL.
Mr. Sams avers that his conviction for attempted burglary is supported by insufficient evidence as a matter of law and that the trial court erred in overruling his motion for acquittal pursuant to Crim.R. 29. He also asserts that his conviction is against the manifest weight of the evidence. He claims that there was no evidence that Mr. Sams was attempting to trespass into the Summers' residence to commit a criminal offense therein, namely theft. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy."State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
The jury found Mr. Sams guilty of attempted burglary, in violation of R.C. 2911.12(A)(2) and 2923.02. R.C. 2923.02(A) sets forth what constitutes an attempt and provides that "[n]o person, purposefully or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." To be convicted of burglary, pursuant to R.C. 2911.12(A)(2), the state must prove beyond a reasonable doubt that the defendant
 by force, stealth, or deception, * * * [t]respass[ed] in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that [was] a permanent or temporary habitation of any person when any person other than an accomplice of the offender [was] present or likely to be present, with purpose to commit in the habitation any criminal offense[.]
In the present case, we find that Mr. Sams' conviction for attempted burglary was not against the manifest weight of the evidence. At trial, Thalia McVicker, who lived on Arlington Road, testified that on November 29, 1999 at approximately 2:00 p.m., a black car came down her driveway, but turned around and went to another nearby home on Arlington Road, belonging to the Summers family. She believed that the occupants had turned the car around because they saw her watching them through her window. She noted that the driver had a much darker complexion than the passenger of the vehicle and initially believed that the driver was black and the passenger was either white or Hispanic. According to Ms. McVicker, the driver of the vehicle (later identified as Mr. Yarbrough) exited the car, went to a sliding glass door on the south side of the Summers house, and attempted to pry the door off its track. Meanwhile, the passenger (later identified as Mr. Sams) also exited the vehicle and went around to the back of the house, which was out of Ms. McVicker's line of sight. She testified that she called 911 and the black car eventually drove away. Later, the police brought two men to her house and Ms. McVicker identified Mr. Yarbrough as the driver and Mr. Sams as the passenger of the automobile, although she had initially described one of the suspects as white or Hispanic and both men were, in fact, black. At trial, Ms. McVicker identified Mr. Sams as the passenger.
Renee Summers testified that she was cleaning her home, when she heard a terrible pounding. She went to investigate the noise and saw a man bending down trying to lift the sliding glass door off its track. The man succeeded in opening the door a few inches, but left when Ms. Summers started yelling for her husband. Ms. Summers testified that she did not get a good enough look at the man to identify him, but noted that he wore dark clothing. Ms. Summers did not see a second individual.
Detective Edward Gruska of the Summit County Sheriff's Office went to the Summers residence to investigate the incident. He testified that although the sliding glass door on the south side of the house had been partially lifted off its track, he did not find any doors ajar in the back of the Summers house.
At the police station, Detective Franklin interviewed Mr. Sams, who said that Mr. Yarbrough had picked him up to go to the mall, but once they arrived at the mall, Mr. Yarbrough checked his pager and said that he had to see a woman. Detective Franklin testified that Mr. Sams then told him that he and Mr. Yarbrough drove to a movie theater, where Mr. Yarbrough made a phone call. Thereafter, they then drove to the Summers residence. According to Mr. Sams, Mr. Yarbrough exited the car, went to the house, and began shaking the door. According to Detective Franklin, Mr. Sams denied ever leaving the automobile. Mr. Sams told Detective Franklin that when Mr. Yarbrough returned to the car, Mr. Sams asked him if he had done something stupid. The two men then left the Summers property and were arrested shortly thereafter.
After thoroughly reviewing all evidence, we find that the jury did not commit a manifest miscarriage of justice and act against the manifest weight of the evidence in convicting Mr. Sams of attempted burglary. Consequently, we conclude that Mr. Sams' assertion that the State did not produce sufficient evidence to support a conviction, therefore, is also without merit. See Roberts, supra, at 4. Therefore, Mr. Sams' first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ WILLIAM G. BATCHELDER
CARR, J., WHITMORE, J., CONCUR