This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Tinika Hill ("Hill") appeals her conviction from the Summit County Court of Common Pleas. We affirm.
 I.
While patrolling the University of Akron, a university police officer observed a van slide into an intersection after locking its brakes. Officer Burnette followed the van, activated his lights and attempted to stop the vehicle. Hill, the driver of the van, failed to stop. Hill traveled across three lanes of traffic and drove through a red light. Officer Burnette made eye contact with Hill and effectuated the stop. Officer Burnette detected a strong odor of alcohol and performed several field sobriety tests.
Officer Burnette arrested Hill for driving under the influence. Officer Helmick and Sergeant Shannon arrived on the scene. Officer Helmick, a female officer, performed the pat down search on Hill and then transported her to the university police station.[1] At the station, Hill became upset and began screaming. Her conduct was videotaped and the tape was introduced as evidence at the trial. Hill refused to take a Breathalyzer test.
Officer Burnette contacted Hill's mother, the registered owner of the van. Hill's mother arrived at the station and joined her daughter in the holding room. Officers Burnette and Helmick escorted Hill to a police cruiser to transport her to the Akron police station. While en route to the cruiser, Hill twice pushed Officer Helmick into a cement wall. Officer Helmick lost her balance the first time and landed on a copier the second time.
On March, 13, 2001, the trial court convicted Hill of assault of a police officer, in violation of R.C. 2903.13(A);[2] resisting arrest, in violation of R.C. 2921.331 (B); and driving under the influence, in violation of R.C. 4511.19(A)(1). The trial court sentenced Hill to six months in prison for each offense, suspended her driver's license for one year and fined her $250. The sentences were concurrent.
This appeal followed. On appeal, Hill only challenges her conviction for assault of a police officer. Accordingly, her two other convictions are not before this court.
 II.
Assignment of Error No. 1:
 APPELLANT'S CONVICTION OF ASSAULT ON A PEACE OFFICER WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
In her first assignment of error, Hill argues that her conviction was against the manifest weight of the evidence. We disagree.
When a defendant asserts that her conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 2903.13(A) provides "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]" "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree." R.C. 2903.13(C)(3).
At trial, the state presented three witnesses. Officer Burnette testified that he and Officer Helmick escorted Hill from the holding room to a university police cruiser to transport her to the Akron police station. Hill's hands were handcuffed behind her back. Officer Burnette followed directly behind Officer Helmick who was holding Hill's left arm while escorting her down the hallway. After passing the roll call area, Hill pushed all her weight against Officer Helmick, sending the officer into a cement wall. Officer Burnette grabbed Hill's arm while Officer Helmick regained her balance.
Each officer held one of Hill's arms as the three traveled down the remaining part of the hallway. At the end of the hallway, Hill put her foot onto a wall and again pushed her weight against Officer Helmick. Officer Helmick fell into another cement wall and eventually landed on a copier. The officers then "drag[ged] [Hill] out the door and out to our police cruiser." Once inside the cruiser, Hill spat on the officers through the open plexi-glass partition. The sergeant radioed for a paddy wagon to transport Hill to the police station.
Officer Helmick testified that she was knocked off balance the first time Hill pushed her into the cement wall. At the end of the hallway, there was a wall directly in front of the group and a door located to the left. Hill put her foot on the wall in front of them and pushed her weight into Officer Helmick. The officer was slightly behind Hill. Officer Helmick fell into the cement wall on her left side and landed on top of a nearby copier. Officer Helmick's left shoulder was sore and bruised after landing on the copier. She received medical care for her injuries at the hospital and returned to finish her shift.
Sergeant Shannon testified that he observed the first incident in the hallway. He stated that Hill put her body weight down and shifted to one side, pushing into Officer Helmick. Officer Helmick was pushed off balance into a wall. Sergeant Shannon was unable to see the second incident from his position in the station.
The defense presented two witnesses regarding the walk down the hallway. Hill described the hallway as narrow. Hill testified that she did not intentionally push into any officer while walking down the hallway. Hill stated that she was not physical in any way with Officer Helmick. Hill's mother testified that she was following a step behind the officers as they escorted her daughter down the hallway. Hill's mother stated that her daughter was not aggressive with the officers, did not place her foot on the wall and did not push into the officer. Nothing unusual happened as the officers walked Hill from the booking room to the cruiser.
Upon a careful review of the testimony and evidence presented at trial, we hold that the trial court did not act contrary to the manifest weight of the evidence in convicting Hill of assault of a police officer. We cannot find that this evidence weighs heavily in favor of the defendant such that a new trial must be ordered. Accordingly, the first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION TO DISMISS THE ASSAULT ON A PEACE OFFICER CHARGE FOLLOWING THE CONCLUSION OF THE STATE'S CASE.
In her second assignment of error, Hill argues that her conviction was not supported by sufficient evidence.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the State. Id.
This court has held that "a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Because we have determined that Hill's conviction was not against the manifest weight of the evidence, her arguments regarding the sufficiency of the evidence must also fail.
Hill's second assignment of error is overruled.
 IV.
Having overruled both assignments of error, the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________ WILLIAM R. BAIRD
SLABY, J., WHITMORE, J. CONCUR.
[1] The record reflects that Officer Burnette was driving a four-wheel vehicle that was not suitable to transport a person after arrest.
[2] On March 13, 2001, the trial court found Hill guilty of assault and sentenced her to six months in prison "for punishment of the crime of ASSAULT, as contained in Count 1 of the Indictment, Ohio Revised Code Section 2903.13(A), a felony of the fourth (4th) degree[.]" Count one of the indictment states that Hill "did commit the crime of ASSAULT in that she did knowingly cause or attempt to cause physical harm to Pam Helmick, a peace officer while in the performance of official duties, in violation of Section 2903.13(A) of the Ohio Revised Code, a FELONY OF THE FOURTH DEGREE[.]" We note that the appropriate code section for an assault of a police officer while in the performance of official duties is R.C. 2903.13(C)(3).