DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Rusu, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant and his former girlfriend, Ms. Selman, have had by all evidence a tumultuous relationship. While the two share two minor children, Ms. Selman has twice sought and obtained a protection order against appellant. This second protection order was issued on June 3, 2003. Subsequent to this order, appellant filed a civil suit against Ms. Selman regarding tools that belonged to him. In order to resolve this dispute, the two agreed to appear on the Judge Mathis television show to litigate their dispute. Ms. Selman alleged that upon returning from the taping of this show, the harassment began. Ms. Selman alleged that appellant repeatedly called her throughout the night on August 9, 2003.
 {¶ 3} As a result of these alleged facts, appellant was indicted on two counts of violating a protection order, in violation of R.C. 2919.27, a fifth degree felony; one count of telephone harassment, in violation of R.C. 2917.21(B), a first degree misdemeanor; and, one count of aggravated menacing, in violation of R.C. 2903.21, a first degree misdemeanor. Prior to trial, the State dismissed the aggravated menacing charge. Following a jury trial, appellant was convicted of one count of the lesser included offense of violating a protection order, a first degree misdemeanor and one count of telephone harassment. It appears appellant was found guilty of the lesser included offense upon a determination that he had not previously been convicted of violating a protection order.[1] Appellant was found not guilty on the second count of violating a protection order. Subsequently, he was sentenced to six months in the Summit County Jail on each count, the sentences to run concurrently. Appellant timely appealed, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"The state of ohio failed to meet the constitutionally required burden of proof — beyond a reasonable doubt — when it failed to offer sufficient evidence to establish that appellant rusu committed the offenses of violating a protection order and telephone harassment."
 {¶ 4} In his first assignment of error, appellant avers that the State offered insufficient evidence to prove beyond a reasonable doubt that he violated a protection order and committed telephone harassment. This Court disagrees.
 {¶ 5} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim. R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 6} R.C. 2919.27 provides that no person shall recklessly violate the terms of a protection order. In the instant matter, Ms. Selman had a protection order against appellant which stated as follows:
 "[Appellant] shall not initiate any contact with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, and babysitters. Contact includes, but is not limited to, [the] telephone[.]"
 {¶ 7} At trial, Ms. Selman testified that appellant called her repeatedly upon their return from taping the Judge Mathis television show in Chicago. While appellant did not identify himself during these calls, Ms. Selman testified that she recognized his voice. Further, the State introduced evidence that Ms. Selman's residence was called forty times. These calls were traced to a number that belonged to Robert Dolgas. Mr. Dolgas is a friend of the appellant who testified that he allowed the appellant to stay at his home. Mr. Dolgas, however, could not state whether or not appellant was at his residence on August 9, 2003. However, viewing the evidence in a light most favorable to the prosecution, the State proved that appellant recklessly violated the terms of an existing protection order. Wolfe, 51 Ohio App.3d at 216.
 {¶ 8} R.C. 2917.21(B) provides:
 "No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person."
 {¶ 9} In addition to the sheer number of calls appellant made to Ms. Selman's residence and the fact that many of these calls were made throughout the night, the State also introduced evidence of the content of those calls. Ms. Selman's mother testified that she began answering the phone after Ms. Selman went to sleep. According to her testimony, appellant began to discuss her dead brother, saying that he wished to say hello. Ms. Selman's mother testified that she responded, "Howard can't tell me hello, he's dead." To which appellant allegedly responded, "Well, he said hi and he can't wait to see you again soon." Viewing these facts in a light most favorable to the prosecution, the State proved that appellant used the telephone to purposely harass Ms. Selman and her mother. Wolfe, 51 Ohio App.3d at 216.
 {¶ 10} With respect to both convictions, appellant avers that the State failed to prove venue. However, Akron Police Sergeant Bruce Graham testified that Ms. Selman's residence, the location of the harassment, was in the city of Akron in Summit County, Ohio. Further, appellant's trial counsel stipulated to venue during the proceedings.[2]
Therefore, the State proved the venue element of appellant's crimes. Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The appellant was denied effective assistance of counsel and his constitutional right to a fair trial due to trial counsel's failure to request a mistrial when it was discovered, after damaging testimony was presented to the jury, that the appellant had never been previously convicted of violating a protection order."
 {¶ 11} In his second assignment of error, appellant contends that his trial counsel was ineffective for failing to request a mistrial. This Court finds that appellant's second assignment of error lacks merit.
 {¶ 12} In evaluating an ineffective assistance of counsel claim, this Court employs the two step process as described in Strickland v.Washington (1984), 466 U.S. 668, 687. First, it must be determined whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley (1989),42 Ohio St.3d 136, 141; State v. Lytle (1976), 48 Ohio St.2d 391, 396. Second, this Court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, 42 Ohio St.3d at 141-142, citingLytle, 48 Ohio St.2d at 396-397. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley,
42 Ohio St.3d at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v.Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48-49, quotingStrickland, 466 U.S. at 687.
 {¶ 13} Appellant asserts that his counsel was ineffective because he failed to determine prior to trial that appellant had not been previously convicted of violating a protection order. Additionally, appellant argues that his counsel was ineffective because he failed to request a mistrial once it was shown at trial that appellant had not been previously convicted of violating a protection order.
 {¶ 14} Appellant's argument has no merit. Introduced at appellant's trial was a journal entry entered April 30, 2002. The entry indicated that appellant pled guilty to violating a protection order. As such, the errors complained of by appellant simply do not exist. It was not shown at trial that appellant did not have a prior conviction. As such, no grounds for a mistrial were present and appellant has failed to demonstrate any error by his trial counsel. Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 15} Appellant's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Whitmore, J. Concur.
[1] The record in this matter contains a certified copy of appellant's prior conviction for violating a protection order.
[2] This Court is troubled by appellant's assertions regarding venue. In the instant case, trial counsel stipulated to venue. Further, appellant has not alleged on appeal that trial counsel was ineffective for stipulating to venue. Given that stipulation, appellant's argument imposes a needless burden upon the time and resources of the Court. A cursory review of the transcript of the proceedings below indicates that venue is a meritless argument on appeal.