This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jesse Kellwood, appeals his conviction in the Medina County Court of Common Pleas. We affirm.
 I.
In the early morning of November 14, 1999, Ms. Rhonda Shirley was asleep in her trailer, with her boyfriend and their daughter, located on Lisa Court in Lodi, Ohio. At around five that morning, Ms. Shirley was awakened by Mr. Kellwood tapping or shaking her. She had known Mr. Kellwood for seven years, from when she had dated one of his friends. She had not invited him into her home nor did he have a key. Shaken by his presence, she requested that he leave. Further, she threatened to wake her boyfriend if Mr. Kellwood did not leave. Mr. Kellwood left the bedroom of the trailer. Ms. Shirley could then hear her cabinet doors being opened and closed. After a few minutes, she heard Mr. Kellwood say to whoever accompanied him that it was time to leave. Ms. Shirley then peered out her window and observed Mr. Kellwood and another person, whom she could not identify, leaving the area. She then dialed 9-1-1.
Patrolman Wesley Hornung of the Lodi Police Department was dispatched to Ms. Shirley's trailer. Officer Hornung interviewed Ms. Shirley, who stated that she knew the person who broke into her trailer to be Mr. Kellwood, photographed the trailer, and conducted an investigation of the incident. Ms. Shirley found that her key ring, with her automobile keys, among various other keys attached, was missing. However, her automobile, parked outside her trailer, had not been stolen. Upon finding Mr. Kellwood, Officer Hornung arrested him for breaking into Ms. Shirley's trailer and taking her keys.
On December 1, 1999, Mr. Kellwood was indicted by the Medina County Grand Jury for burglary, in violation of R.C. 2911.12(A)(2). The case was tried to a jury, commencing on March 16, 2000. Mr. Kellwood moved for judgment of acquittal at the close of the State's case and at the close of all evidence. The jury returned a verdict of guilty on March 20, 2000, which was duly entered by the trial court as a judgment of conviction on March 21, 2000. Mr. Kellwood was sentenced accordingly. This appeal followed.
 II.
Mr. Kellwood asserts three assignments of error. We will address each in turn.
 A. First Assignment of Error THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BY OVERRULING APPELLANT'S CRIM. RULE 29 [sic] MOTION FOR JUDGMENT OF ACQUITTAL, AS THE STATE FAILED TO PROVE EACH AND EVERY ELEMENT OF BURGLARY BEYOND A REASONABLE DOUBT.
Mr. Kellwood avers that the trial court erred by denying his Crim.R. 29 motion for acquittal because the State failed to adduce evidence on each element of the crime charged. Specifically, he asserts that there was no evidence of a crime having been committed or intended inside Ms. Shirley's residence. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
One is guilty of burglary, in violation of R.C. 2911.12(A)(2) if, "by force, stealth, or deception," one
 [t]respass[es] in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]
Here, construing the evidence in a light most favorable to the prosecution, Mr. Kellwood entered Ms. Shirley's trailer while she was asleep and without her permission. Therefore, a trespass by stealth, at minimum, occurred in an occupied structure. Further, Ms. Shirley testified that there were scratches in the trailer door evidencing the use of force by Mr. Kellwood in obtaining entry to the trailer. Mr. Kellwood challenges the State's evidence that Mr. Kellwood entered Ms. Shirley's trailer with the purpose to commit a criminal offense. Ms. Shirley testified that her keys were missing, apparently taken by Mr. Kellwood. Therefore, the jury could have reasonably inferred that Mr. Kellwood entered the trailer with the purpose to commit a theft offense in violation of R.C. 2913.02. Accordingly, we conclude that the State's evidence was not insufficient to support a conviction for burglary. Mr. Kellwood's first assignment of error is overruled.
 B. Second Assignment of Error THE JURY VERDICT FINDING APPELLANT GUILTY OF BURGLARY WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Mr. Kellwood again challenges the sufficiency of the evidence adduced at trial in this assignment of error and further avers that the verdict of guilty was against the manifest weight of the evidence. We disagree. As we addressed Mr. Kellwood's arguments regarding the sufficiency of the evidence in resolving Mr. Kellwood's first assignment of error, we will not address the same issue herein.[1]
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
At trial Ms. Shirley testified that she had known Mr. Kellwood for nine years and that she recognized him as the person who entered her trailer and, in due course, the bedroom where she, her boyfriend, and their child were sleeping. Further, she testified that her key ring, including keys to her automobile, which was parked outside the trailer, was missing after Mr. Kellwood exited the trailer. Mr. Kellwood's defense was one of mistaken identity and alibi. However, Ms. Shirley had known Mr. Kellwood for many years and his alibi defense was discredited by Michelle Kellwood, Mr. Kellwood's sister. Moreover, his alibi was established by his long-time girlfriend who freely admits that she loves him and wants to help him. Accordingly, we conclude that the State, as noted above, adduced evidence on each element of the crime charged. Further, upon thorough review of the record, we hold that Mr. Kellwood's conviction was not against the manifest weight of the evidence. Mr. Kellwood's second assignment of error is overruled.
 C. Third Assignment of Error THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY FAILING TO EXCLUDE INADMISSIBLE AND HIGHLY PREJUDICIAL TESTIMONY, THE ADMISSION OF WHICH DENIED APPELLANT DUE PROCESS OF LAW AND A FAIR TRIAL.
Mr. Kellwood argues that the trial court abused its discretion in allowing testimony by Ms. Shirley that she installed a security system after the break-in. He avers that the testimony was barred by Evid.R. 407, dealing with subsequent remedial measures, and that the testimony's probative value was outweighed by the unfair prejudice that accrued to Mr. Kellwood. We disagree.
"`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" (First alteration in original.) State v. Maurer
(1984), 15 Ohio St.3d 239, 265, quoting State v. Hymore (1967),9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. Moreover, a new trial should not be granted unless the accused was prejudiced or may have been prejudiced by the evidence improperly admitted. R.C. 2945.83(C).
Evid.R. 407 provides that
 [w]hen, after an injury or harm allegedly caused by an event, measures are taken which, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.
The State adduced evidence that Ms. Shirley had installed a security system immediately following Mr. Kellwood's intrusion into her home. The evidence of her installation of a home security system tended to show that Mr. Kellwood was an uninvited intruder and that she was frightened by his presence. Accordingly, we conclude that the evidence was not introduced to prove negligence or culpable conduct in connection with the break-in, but rather, went to show that the break-in was not fictitious. Further, Ms. Shirley was not on trial for negligence or culpable conduct in connection with the break-in; therefore, Evid.R. 407 was inapplicable. Accordingly, we conclude that the trial court did not abuse its discretion in admitting evidence of Ms. Shirley's subsequent installation of a home security system as not violative of Evid.R. 407.
Mr. Kellwood also avers that the evidence accrued such unfair prejudice to him that the trial court erred in admitting the evidence. See Evid.R. 403. However, we can discern no abuse of discretion on the trial court's part in this regard. The evidence showed that Ms. Shirley was indeed frightened by this event, and that, therefore, the event was real rather than spurious. Accordingly, we conclude that the trial court did not abuse its discretion by allowing testimony regarding Ms. Shirley's subsequent installation of a home security system. Mr. Kellwood's third assignment of error is overruled.
 III.
Mr. Kellwood's assignments of error are overruled. The verdict of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
SLABY, J., WHITMORE, J.. CONCUR.
[1] Assigning insufficient evidence as error on appeal raises the same issues and analysis as does assigning the trial court's error in failing to grant a Crim.R. 29 motion for acquittal; both are, essentially, challenges of the sufficiency of the evidence adduced at trial. SeeState v. Turner (Aug. 23, 2000), Summit App. No. 19751, unreported, at 3-4.