This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Anthony D. Keys, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
 I.
Mr. Keys was the live-in boyfriend of Sharon Harris. The two shared an apartment at 134½ Rogers Street. They did not have a telephone in the apartment. On the evening of March 4, 2000, Mr. Keys and Ms. Harris spent the evening drinking at the home of Ms. Harris' sister. After returning to their apartment at about 12:30 a.m. on March 5, 2000, Mr. Keys accused Ms. Harris of asking for a ride home from another man. Because Ms. Harris denied this, Mr. Keys proceeded to slap Ms. Harris, and then beat her with a wooden stick and a metal curtain rod. The beatings continued until 7:00 a.m. that morning. Ms. Harris sustained injuries to her face, buttocks, and legs, and sustained a broken wrist.
The injuries to Ms. Harris' legs were so extensive that Ms. Harris could not walk. Later on March 5, 2000, Ms. Harris' brother-in-law came to visit. Mr. Keys told Ms. Harris to go into the bedroom and not to call out for help. Because of Ms. Harris' inability to walk due to the injuries sustained to Ms. Harris' legs, Mr. Keys transported Ms. Harris to the bedroom. After the brother-in-law left, Mr. Keys told Ms. Harris that no one would be coming into the residence and that Ms. Harris would not be allowed to leave. On March 6, 2000, Mr. Keys left the apartment for a period of time. Ms. Harris remained fearful that if she attempted to leave, she would be caught by Mr. Keys and suffer further harm. In addition, her injuries prevented her from leaving the apartment. On March 7, 2000, Mr. Keys again left the apartment. This time, Ms. Harris was able to make her way to her neighbor's apartment and telephoned the police. Ms. Harris received assistance from both the police and paramedics. Mr. Keys was later arrested.
On April 13, 2000, a grand jury indicted Mr. Keys on four counts: (1) felonious assault, in violation of R.C. 2903.11(A)(1) and (A)(2); (2) domestic violence, in violation of R.C. 2919.25(A); (3) falsification, in violation of R.C. 2921.13(A)(3); and (4) abduction, in violation of R.C.2905.02(A)(2). Mr. Keys pled not guilty, and a jury trial was held on May 25, 2000. The jury found Mr. Keys guilty of felonious assault, domestic violence, and abduction, and acquitted Mr. Keys of falsification. This appeal followed.
 II.
Mr. Keys asserts two assignments of error. We will address each in turn.
 A. THE TRIAL COURT ERRONEOUSLY DENIED THE DEFENDANT'S MOTION FOR ACQUITTAL ON COUNT FOUR (ABDUCTION).
Mr. Keys avers that the trial court erred in denying his Crim.R. 29(A) motion for acquittal on the charge of abduction. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
Mr. Keys challenges the sufficiency of the evidence for his conviction for abduction, in violation of R.C. 2905.02(A)(2), which states in relevant part: "[n]o person, without privilege to do so, shall knowingly * * * [b]y force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear[.]"
Mr. Keys claims that the State failed to prove that Mr. Keys unlawfully restrained Ms. Harris. When viewed in the light most favorable to the prosecution, the evidence shows that after beating Ms. Harris for approximately five hours, Mr. Keys transported Ms. Harris to the bedroom, told her not to call for help, told Ms. Harris that she could not leave the apartment and that no one was going to be coming into the apartment, and inflicted such serious injuries to Ms. Harris that she was unable to leave the apartment on her own. Furthermore, Mr. Keys knew that there was no telephone in the apartment.
Construing all the evidence in the light most favorable to the prosecution, we find that reasonable minds could reach different conclusions as to whether each element of abduction could be proven beyond a reasonable doubt; therefore, we hold that the trial court did not err in denying Mr. Keys' motion for acquittal. Mr. Keys' first assignment of error is overruled.
 B. THE JUDGMENT OF CONVICTION OF FELONIOUS ASSAULT IS AGAINST THE WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
Mr. Keys avers that his conviction for felonious assault was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
The record shows that the evidence produced at trial, and upon which the jury based its conviction, met the elements required to prove felonious assault under R.C. 2903.11(A)(1) or (A)(2). R.C. 2903.11(A)(1) provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another[.]" R.C. 2903.11(A)(2) states that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
The record shows that for nearly five hours, Mr. Keys beat the victim with both a wooden stick and a bathroom curtain rod. Because of the beating, the victim sustained a broken left wrist, and injuries to her face, legs, and buttocks. Ms. Harris testified that the injuries to her legs were severe enough to prevent her from being able to walk for two days. Ms. Harris' neighbor testified that the injuries were apparent when the victim used her telephone to call the police. Testimony from the police and paramedics substantiates the presence of severe injuries that could have been caused by items such as the wooden stick and bathroom rod.
After a careful review of the record, we conclude that the jury did not clearly lose its way and commit a manifest miscarriage of justice in convicting Mr. Keys of felonious assault. Consequently, we conclude that Mr. Keys' conviction for felonious assault was not against the manifest weight of the evidence. Mr. Keys' second assignment of error is overruled.
 III.
Mr. Keys' assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, BAIRD, J., WHITMORE, J. CONCUR.