This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Rodell J. Nelson, has appealed from his conviction by the Medina County Court of Common Pleas for robbery. We affirm.
Defendant was indicted on one count of burglary, in violation of R.C.2911.12(A)(1), with a repeat offender specification; one count of robbery, in violation of R.C. 2911.02(A)(2), with a repeat offender specification; one count of robbery, in violation of R.C. 2911.02(A)(3); and one count of possession of cocaine, in violation of 2925.11(A) 
(C)(4)(a). Defendant pled not guilty by reason of insanity and received two competency and two sanity evaluations from a total of three doctors. All of the evaluations found Defendant to be sane at the time of the offense and competent to stand trial. Prior to trial, Defendant moved the trial court for a third sanity evaluation. The trial court denied the motion.
The State dismissed the counts of burglary and possession of cocaine. The trial court granted Defendant's Crim.R. 29 motion for acquittal as to the first count of robbery. Defendant was convicted of the remaining count of robbery, pursuant to R.C. 2911.02(A)(3), and sentenced accordingly. Defendant timely appealed and has raised three assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court errored [sic.] by denying [Defendant's] motion for a psychological exam [to] determine if he was legally insane at the time the alleged crime was committed.
 In Defendant's first assignment of error, he argues that the trial court erred in denying his motion for a third sanity evaluation. Defendant argues that he was entitled to have the evaluation performed by a doctor of his choice. We disagree.
R.C. 2945.371 governs evaluations of a criminal defendant's mental condition. The statute provides, in relevant part:
 (A)If the issue of a defendant's competence to stand trial is raised or if a defendant enters a plea of not guilty by reason of insanity, the court may order one or more evaluations of the defendant's present mental condition or, in the case of a plea of not guilty by reason of insanity, of the defendant's mental condition at the time of the offense charged. An examiner shall conduct the evaluation.
 (B) If the court orders more than one evaluation under division (A) of this section, the prosecutor and the defendant may recommend to the court an examiner whom each prefers to perform one of the evaluations. If a defendant enters a plea of not guilty by reason of insanity and if the court does not designate an examiner recommended by the defendant, the court shall inform the defendant that the defendant may have independent expert evaluation and that, if the defendant is unable to obtain independent expert evaluation, it will be obtained for the defendant at public expense if the defendant is indigent.
 Since the trial court "may order one or more evaluations" of a defendant's mental condition, the number of evaluations to be conducted is left to the sound discretion of the trial court. See State v. Hix (1988), 38 Ohio St.3d 129, 131.[1] Thus, we review a trial court's decision to grant one or more evaluations of a defendant's mental condition for abuse of discretion. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
If the court orders more than one evaluation, the defendant is entitled to recommend an examiner to the court. R.C. 2945.371(B). If the court does not designate an examiner recommended by the defendant and the defendant enters pleas of not guilty by reason of insanity, then the trial court has the duty to inform the defendant that he has the right to obtain an independent expert evaluation. Id.
In the instant case, the trial court exercised its discretion by first referring Defendant to the Akron Psycho-Diagnostic Clinic for an evaluation as to Defendant's sanity and competency. The evaluator found that Defendant was competent to stand trial and sane at the time of the offense. Subsequently, Defendant moved the trial court to refer him to Massillon State Hospital for a second sanity evaluation. The trial court referred Defendant to Dr. James Siddall. Dr. Siddall found that Defendant was sane at the time of the offense. Subsequently, Defendant moved the trial court for a second competency evaluation. The trial court granted the motion. The evaluator found that Defendant was competent to stand trial. During a subsequent hearing, Defendant orally moved to have the most recent competency evaluator also perform a sanity evaluation. The trial court denied the motion.
The only time that Defendant requested a specific evaluator was in his motion for a second sanity evaluation where he specifically requested a referral to Massillon State Hospital. However, it is unclear from the record whether the evaluator, Dr. Siddal, was affiliated with Massillon State Hospital. If Dr. Siddal was affiliated with the requested hospital, then Defendant, in fact, received his choice of evaluators, contrary to his argument. Because we cannot determine this from the record, we cannot say the trial court abused its discretion in denying Defendant's motion for a third sanity evaluation. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court errored [sic.] when it found [Defendant] guilty of theft, despite the victim's inability to identify the exact amount of cash allegedly stolen.
 In Defendant's second assignment of error, he contends that his conviction for theft was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
This Court notes that Defendant was not convicted of theft. However, we construe this assignment of error as arguing that the robbery conviction was against the manifest weight of the evidence because the element of theft was not proven by the manifest weight of the evidence.
During the trial Defendant's attorney conceded the theft offense. Therefore, the finding of theft as an element of robbery was not against the manifest weight of the evidence. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court errored [sic.] when it found [Defendant] guilty of robbery without a showing of force.
 In Defendant's final assignment of error, he maintains that his robbery conviction was not supported by sufficient evidence. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the State. Id.
Defendant was convicted of robbery, due to his theft of cash from a gas station, in violation of R.C. 2911.02(A)(3). R.C. 2911.02(A)(3) provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." Force consists of "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). The Eighth District Court of Appeals recently found that "[w]here a defendant struggles with store security guards * * * immediately after a theft in an effort to escape apprehension, such conduct is part of a single continuous transaction and is sufficient to establish the force element of robbery." State v. Dunning (Mar. 23, 2000), Cuyahoga App. No. 75869, 2000 Ohio App. LEXIS 1185, at *7. See, also, State v. Knox (Apr. 19, 2000), Lorain App. No. 99CA007391, at 4-5.
Defendant maintains that the State failed to produce sufficient evidence of the required use of force for robbery. The gas station cashier testified that Defendant had purchased some small items in the gas station and when the cashier opened the cash register, Defendant reached over the counter and grabbed some money out of the drawer. The cashier further testified that he grabbed Defendant's hand and when Defendant tried to pull back and escape, he pulled the cashier up off the floor and onto the counter. When the cashier let go of Defendant's hand, Defendant fell back into a candy rack and ran out the front door.
The force exerted in the struggle by Defendant in his effort to escape apprehension, when viewed in a light most favorable to the prosecution, constitutes force as defined by R.C. 2901.01(A) and is sufficient to establish the force element of robbery as defined by R.C. 2911.02(A)(3). Therefore, Defendant's third assignment of error is without merit.
Defendant's three assignments of error are overruled, and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
CARR, J., WHITMORE, J. CONCUR.
[1] In Hix, the Ohio Supreme Court interpreted similar language under former R.C. 2945.39.