DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kelly Jennings, appeals from the judgment of the Municipal Court of Akron finding her guilty of one count of failure to stop after an accident ("hit skip") and one count of failure to stop at a stop sign. We affirm.
 I. {¶ 2} On August 3, 2003, Leonara Kidd[1] was driving to her cousin's home from her own home. As Mrs. Kidd approached an intersection at which she had the right of way, her vehicle was struck by a black Chevrolet Impala. The impact of the collision forced Mrs. Kidd's vehicle into a telephone pole and guy wire. At the time of the accident, Mrs. Kidd was able to ascertain the license plate number of the car that struck her. Additionally, after calling 911, Mrs. Kidd saw the black Impala drive past her damaged car. She then followed the Impala. While following the Impala on foot, Mrs. Kidd saw a black female looking at her from behind some bushes. Mrs. Kidd ran after the woman, saw her get into the black Impala, and watched her drive off.
 {¶ 3} Akron officer Linda McCain responded to the scene of the accident and took the initial report. She then referred the matter to the Hit Skip unit for further investigation. The Hit Skip unit located the black Impala, owned by Appellant, by using the license plate number provided by Mrs. Kidd. Officers of the unit then prepared a photo array from which Mrs. Kidd identified Appellant. Based upon the accident, charges were filed against Appellant and a trial was held on December 8, 2003. At trial, Mrs. Kidd again identified Appellant as the woman she had chased to the black Impala following the accident. On December 19, 2003, the trial court found Appellant guilty of one count of hit skip and one count of failing to stop at a stop sign. Subsequently, the trial court sentenced Appellant as follows: 180 days incarceration with 150 days suspended and the remaining 30 days to be spent under house arrest, a $250.00 fine, court costs, and a 30 day driver's license suspension. Appellant timely appealed, raising four assignments of error.
 II. ASSIGNMENT OF ERROR I
"[Appellant's] due process rights under the due process clause of the 14th Amendment to the United States Constitution, and article one Section Ten of the Ohio Constitution, were violated when the trial court failed to preserve and transmit a complete record on Appeal to the reviewing court. The `911' tape and Photo Array Missing are a material portion of The record necessary for this court to conduct a fair appeal."
 {¶ 4} In her first assignment of error, Appellant contends that her due process rights have been violated by the State's failure to preserve evidence for appeal. This Court disagrees.
 {¶ 5} We begin by noting that the 911 tape that is no longer available was introduced by Appellant's counsel at trial. The authenticity of the tape has never been questioned. The tape was played in its entirety and its contents are reflected in the trial court's transcripts. Further, Appellant's trial counsel was given the opportunity to cross-examine Mrs. Kidd about the contents of the 911 tape and any conflict it created with her in-court testimony. As such, Appellant has not demonstrated any prejudice caused by the loss of the 911 tape.
 {¶ 6} The State also failed to preserve the photo array that was used for the initial identification of Appellant. "[D]ue process requires a court to suppress an identification of the suspect if the confrontation was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under all the circumstances." State v. Fitzpatrick (Mar. 7, 1997), 2nd Dist. No. 16008, quoting State v. Davis (1996),76 Ohio St.3d 107,112. It appears that only the Second District has considered this precise issue. In its case, the Second District found that a presumption that the photo array was unduly suggestive did not arise when the State failed to preserve a photo array, if the appellant did not allege bad faith by the State. Id. Additionally, the Ohio Supreme Court has held that when the State failed to preserve a name array that "[u]nless appellant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law, nor should it lead to a presumption of suggestiveness." State v. Keith (1997), 79 Ohio St.3d 514, 523. No evidence of bad faith by the State has been argued here.
 {¶ 7} Further, even assuming arguendo that the photo array was unduly suggestive, this Court would, nonetheless, find the identification testimony admissible. To determine that an unduly suggestive identification violates due process, we must determine under the totality of the circumstances it was unreliable. Neilv. Biggers (1972), 409 U.S. 188, 199. As such, we will only set aside a conviction if the procedure used for identification was so impermissibly suggestive as to give rise a substantial likelihood of irreparable misidentification. Simmons v.United States (1968), 390 U.S. 377, 384. In making our determination,
"the factors to be considered * * * include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation." Biggers, 409 U.S. at 199.
 {¶ 8} Mrs. Kidd's opportunity to observe Appellant occurred when she chased Appellant to her car. Mrs. Kidd testified that Appellant turned and faced her as Appellant entered her black Impala. Mrs. Kidd went on to say that the area of the car was lit by streetlights. The record indicates that Mrs. Kidd described the person who had hit her as a black female with short hair. While Mrs. Kidd's description was broad, she immediately chose Appellant from the photo array when it was presented. Further, the record indicates that a very short period of time passed between the accident and Mrs. Kidd identifying Appellant from the photo array. As such, the totality of the circumstances indicates that Mrs. Kidd's identification was reliable even presuming that the photo array was unduly suggestive. Accordingly, the out-of-court identification was admissible at trial.
 {¶ 9} Appellant's due process rights have not been violated. This Court has before it the full transcript of the 911 tape. Further, as noted above, we have found that under the totality of the circumstances, Mrs. Kidd's identification through even an unduly suggestive photo array was admissible. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"[Appellant] was deprived of her Sixth Amendment Right to effective assistance of counsel when her trial counsel failed to file any pretrial motions to suppress or limit the admission of the out-of-court identification, failed to object to testimony of an officer who had not been qualified as an expert, and failed to introduce photographs of the damaged vehicles without calling an accident reconstructionist to evaluate them."
 {¶ 10} In her second assignment of error, Appellant claims she was denied effective assistance of counsel at the trial level. We disagree.
 {¶ 11} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described inStrickland v. Washington (1984), 466 U.S. 668, 687. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client."State v. Bradley (1989), 42 Ohio St.3d 136, 141; State v.Lytle (1976), 48 Ohio St.2d 391, 396. Second, Appellant must demonstrate prejudice by showing that there is a reasonable probability that the outcome of his trial would have been different, but for his counsel's unprofessional errors.Strickland v. Washington (1984), 466 U.S. 668, 694.
 {¶ 12} We express doubt as to whether Appellant has demonstrated that the performance of her trial counsel was deficient. First, upon our review of the record, this Court can find no expert testimony given by Officer McCain. The officer testified about the damage she observed to Mrs. Kidd's vehicle and the information she gathered from Mrs. Kidd. Based upon that knowledge, the officer testified that Appellant's car struck Mrs. Kidd's car and caused Mrs. Kidd's car to run into the utility pole and guy wire. Further, Appellant's trial counsel introduced pictures of the damage to Appellant's car through an insurance claims adjuster. The claims adjuster testified that nearly $4,000 worth of damage was done to Mrs. Kidd's vehicle, while Appellant's vehicle only suffered minor damage. The clear import of the adjuster's testimony was that it was not consistent with the evidence that the two vehicles had been involved in the same accident. As such, we cannot say that Appellant's trial counsel was deficient in calling the adjuster and not an accident reconstructionist.
 {¶ 13} Additionally, even if this Court were to presume that Appellant's trial counsel was deficient, Appellant has not demonstrated a reasonable probability that the outcome of her trial would have been different. As noted in response to Appellant's first assignment of error, Mrs. Kidd's in-court identification was admissible even if the trial court had excluded the out-of-court identification as unduly suggestive. Further, Appellant has offered no evidence that an accident reconstructionist would have benefited Appellant in any way. As such, Appellant has failed to demonstrate any prejudice resulting from the alleged errors of her trial counsel. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court erred when it denied [Appellant's] Crim.R. 29 Motion for Acquittal. The city of akron failed to present sufficient evidence, as a matter of law, to convict [Appellant] of hit-skip and failure to stop at a stop sign, in violation of [appellant's] due process rights under the Fourteenth Amendment of the Constitution of the United States and under Article One Section Ten of the Constitution of the State of Ohio. Specifically, the City of Akron failed to prove beyond a reasonable doubt that [Appellant] operated the motor vehicle involved in the collision."
 ASSIGNMENT OF ERROR IV
"The judgment of the trial court was against the manifest weight of the evidence because the greater weight of the evidence showed that [Appellant] did not operate the motor vehicle involved in the collision."
 {¶ 14} In her final two assignments of error, Appellant asserts that the State did not introduce sufficient evidence to warrant a conviction, and her conviction was against the manifest weight of the evidence. This Court disagrees.
 {¶ 15} Sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. As to sufficiency, Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 7, citing State v. Wolfe (1988),51 Ohio App.3d 215, 216. "In essence, sufficiency is a test of adequacy."Smith at ¶ 7, quoting Thompkins, 78 Ohio St.3d at 386.
 {¶ 16} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant maintains that his conviction is against the manifest weight of the evidence:
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 17} This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 18} Therefore, this Court will address Appellant's fourth assignment of error first as it is dispositive of Appellant's claim of insufficiency.
 {¶ 19} Appellant argues that Mrs. Kidd's testimony was unreliable, noting that when she called 911, Mrs. Kidd said that a man was driving the vehicle that struck her. However, Appellant ignores the other evidence presented at trial. Mrs. Kidd testified that after calling 911, she then went in search of the black Impala. Thus, after calling 911 and identifying the driver as a man, Mrs. Kidd saw Appellant and chased her to the black Impala. Further, as noted in response to Appellant's first assignment of error, Mrs. Kidd's out-of-court identification was admissible under the totality of the circumstances. Further, Mrs. Kidd made an incourt identification of Appellant.
 {¶ 20} Assuming that both of Mrs. Kidd's identifications were unreliable, ample evidence still existed with which the trial court could find that Appellant operated the vehicle involved in the accident. In the 911 tape, Mrs. Kidd gave the license plate number of the car that struck her and described the car as a black Chevrolet Impala. The license plate number that Mrs. Kidd gave corresponded to Appellant's black Chevrolet Impala. At trial, Appellant stated that on the day in question, no one else had driven her car. Additionally, the record reflects that a stop sign does exist at the intersection in question and that the black Impala failed to stop at the stop sign. Further, there is no dispute that the car involved in the accident left the scene. As such, we cannot say that the trial court lost its way finding Appellant guilty of hit-skip and failing to stop at a stop sign. Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of her challenge to its sufficiency. Roberts, supra. Accordingly, Appellant's third and fourth assignments of error are overruled.
 III. {¶ 21} Appellant's assignments of error are overruled and the judgment of the Municipal Court of the City of Akron is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Slaby, J., concur.
[1] At the time of the accident, her wedding day, Mrs. Kidd was known as Leonara Mingo. For ease, we will refer to her as Mrs. Kidd.