DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Derek Bryant, appeals from the judgment of the Akron Municipal Court convicting him of loitering for the purpose of solicitation. This Court affirms.
 I. {¶ 2} On May 25, 2004, Officer John Ross of the Akron Police Department was patrolling the South Arlington Area. According to Officer Ross' testimony, at approximately 2 a.m., he observed Appellant approach a known prostitute. At the time, Officer Ross was in an area known for a high rate of prostitute activity. Officer Ross saw Appellant slow down in his car next to the prostitute and beep his horn. Appellant then proceeded into a parking lot and pulled up next to the prostitute and beeped his horn again. At this time, the prostitute shook her head "no" and continued walking. Appellant then performed a U-turn in his vehicle and beeped his horn a third time at the prostitute. Again, the prostitute shook her head "no." Then, Appellant placed his car in reverse to approach the prostitute once more and beeped his horn. At that time, the prostitute jogged away from Appellant's car.
 {¶ 3} Based upon his observations, Officer Ross initiated a traffic stop of Appellant and placed him under arrest for loitering. Upon questioning, Appellant indicated that he was on his way home and had simply stopped to ask the woman whether she needed a ride home. At trial, Appellant gave that same rationale for his stop. At the conclusion of the trial, the trial court found Appellant guilty of loitering with the purpose to solicit prostitution and sentenced him to thirty days house arrest, fined him $100.00, and assessed court costs against him. Appellant timely appealed his conviction, raising one assignment of error for our review.
 II.
"The trial court erred in finding [appellant] guilty of loitering for purposes of solicitation as the evidence was insufficient as a matter of law that appellant did with purpose to solicit another to engage in sexual activity for hire and while in or near a public place, stop, attempt to stop, beckon to, attempt to beckon to, or entice another to approach or enter the vehicle of which the offender is the operator or in which the offender is the passenger as there was no evidence of purpose."
 {¶ 4} In his sole assignment of error, Appellant argues that the evidence introduced by the City was insufficient to justify his conviction. Specifically, Appellant asserts that no evidence was introduced that demonstrates that he stopped his vehicle with the purpose to solicit sex. This Court finds that Appellant's assignment of error lacks merit.
 {¶ 5} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 6} A.C.C. 133.091 provides as follows:
"A. No person, with purpose to solicit another to engage in sexual activity for hire and while in or near a public place, shall do any of the following:
"1. Beckon to, stop or attempt to stop another;
"2. Engage or attempt to engage another in conversation;
"3. Stop or attempt to stop the operator of a vehicle or approach a stationary vehicle;
"4. If the offender is the operator of or a passenger in a vehicle, stop, attempt to stop, beckon to, attempt to beckon to, or entice another to approach or enter the vehicle of which the offender is the operator or in which the offender is the passenger;
"5. Interfere with the free passage of another."
Based upon the above, Appellant asserts that the City failed to demonstrate that his purpose was to engage another in sexual activity to for hire.
 {¶ 7} Because a defendant's mental state is difficult to demonstrate with direct proof, it may be "inferred from the surrounding circumstances." State v. Logan (1979), 60 Ohio St.2d 126, 131. In the instant case, Appellant approached a known prostitute, in an area known for prostitution, and engaged in suspicious activity. Appellant beeped his horn at the known prostitute multiple times. The prostitute shook her head "no" multiple times and then jogged away from Appellant's vehicle. While Appellant testified that he only intended to offer the woman a ride home, his testimony does not refute the circumstantial evidence provided by the City. Viewing the evidence in a light most favorable to the prosecution, the City produced evidence sufficient to sustain a conviction based upon the fact that Appellant's purpose was to engage another in sexual activity for hire. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 8} Appellant's sole assignment of error is overruled, and the judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J. concur.